**Ruth LOPEZ, Plaintiff–Appellant,**

v.

**CITY OF NEEDLES, CA, a Municipal Corporation; Leon Berger; William Cetti; Roy Mills; Flora Hill; Leroy Morgan, Defendants–Appellees.**

No. 95–55161.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 10, 1996.

Decided Aug. 30, 1996.

Marjorie M. Mikels, Mikels & Associates, Upland, California, for plaintiff-appellant.

Matt H. Morris, Best, Best & Krieger, Rancho Mirage, California, for defendants-appellees The City of Needles, et al.

Scott J. Grossberg and Susan M. Sharpless, Cihigoyenetche, Grossberg & Clouse, Ontario, California, for defendant-appellee Leroy Morgan.

Before: HALL, O'SCANNLAIN and KLEINFELD, Circuit Judges.

O'SCANNLAIN, Circuit Judge:

We must decide whether an order dismissing a complaint without prejudice may be treated as an appealable final decision when the plaintiff fails to notify the district court of her intention to stand on the dismissed complaint.

I

At an October 4, 1993 meeting of the Needles City Council, Council member Ruth Lopez announced that she had been informed of possible hazardous waste dumping in the City of Needles sewer treatment plant.[1] Lopez was asked to identify the source of her knowledge of the allegedly illegal dumping, but refused to do so.

After the City Manager filed a police report asserting that Lopez had announced the existence of hazardous waste dumping into the City of Needles sewer treatment plant, sheriff Leroy Morgan questioned Lopez at her home. The sheriff requested that she divulge her sources to him, but Lopez refused to identify her informants.

On October 15, 1993, the City held a special "Board of Inquiry" meeting. Lopez was subpoenaed to testify in a second Board of Inquiry meeting held on October 20, 1993, at which City Council members and Deputy City Attorney Michael Andelson questioned her. Lopez refused to name her sources and insisted that she had never asserted hazardous waste dumping existed, only that dump-

ing existed. Lopez was also subpoenaed for an October 25, 1993 meeting, at which she again refused to disclose her informants. The City Council voted to prosecute her for violating the city charter by refusing to answer City Council inquiries and interfering with city administration. The City Council also voted to prosecute her civilly for contempt of court.

The civil contempt action began on November 10, 1993, in state superior court, pursuant to Cal. Gov't Code § 37106 which requires a mayor to report to superior court the refusal of a subpoenaed person to testify before a legislative body. Lopez's attorney filed a motion to quash on the grounds that the superior court lacked jurisdiction, but the motion was denied as untimely. Lopez then filed a petition for writ of mandate with the Fourth District Court of Appeal, which was also denied.

The superior court held a hearing on December 20 and 21, 1993, on the City Council's motion for an order compelling Lopez to disclose her informants. At the December 21 hearing, under threat of incarceration, Lopez finally disclosed the names of her sources. The City Council subsequently filed a motion for sanctions and reimbursement to the City for fees incurred during the civil contempt proceedings. The state court granted the motion in part, imposing $5,000 in sanctions jointly and severally upon Lopez and her attorney for "frivolous defense."

The City ultimately dismissed its criminal action against Lopez. The City Council has refused to reimburse Lopez for attorneys' fees and costs incurred during the two state court proceedings.

Lopez filed her first complaint in federal court on January 25, 1994, which was subsequently dismissed on her own motion. Immediately after being recalled from the City Council by the citizens of Needles, Lopez filed her second complaint on September 14, 1994, alleging that the City Council's investigations and court proceedings were part of a

---

1. Lopez stated at the meeting: "I was told that these industrial haulers are dumping in the sewer plant and they are dumping hazardous materials possibly, possibly, which are killing the good bacteria that helps to break the sewage ..." In response to the question, "you're telling me we've got illegal dumping going on in that plant," Lopez stated "That's what's been reported to me."

long-standing and involved campaign to intimidate and silence her as an elected official. Lopez further alleged that the City's actions were part of a cover-up of illegal waste disposal. She asked the court for declaratory, injunctive, and monetary relief under 42 U.S.C. §§ 1983, 1985 and pleaded several pendent state law claims. The district court dismissed Lopez's complaint without prejudice (although certain claims were dismissed with prejudice) finding that no federal claim could be stated.

Without further notice to the district court, Lopez filed this appeal.

## II

If the order of dismissal did not constitute a "final decision" of the district court, we do not have jurisdiction over Lopez's appeal. 28 U.S.C. § 1291.

"Ordinarily an order dismissing a complaint but not dismissing the action is not appealable under section 1291 unless circumstances make it clear that the court concluded that the action could not be saved by an amendment of the complaint." *Hoohuli v. Ariyoshi*, 741 F.2d 1169, 1171 n. 1 (9th Cir. 1984). An order dismissing a complaint without prejudice may be final and appealable " 'if the plaintiff cannot cure the defect that led to dismissal or elects to stand on the dismissed complaint.' " *Carson Harbor Village Ltd. v. City of Carson*, 37 F.3d 468, 471 n. 3 (9th Cir.1994) (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1053 (9th Cir.1992)); *see also McCalden v. California Library Ass'n*, 955 F.2d 1214, 1224 (9th Cir.), *cert. denied*, 504 U.S. 957, 112 S.Ct. 2306, 119 L.Ed.2d 227 (1992) ("[A]ppellant is not required to amend in order to preserve his right to appeal. When one is granted leave to amend a pleading, she may elect to stand on her pleading and appeal, if the other requirements for a final, appealable judgment are satisfied.").

This case is controlled by *Proud v. United States*, 704 F.2d 1099, 1100 (9th Cir.1983) (per curiam), where we held that an order dismissing a complaint was not appealable where it was not shown that the trial court had found that the plaintiffs could not save the action by amendment. In so holding, we explained that the plaintiffs' decision not to amend was immaterial because the district court was not advised of that decision and no final judgment was entered. Unless a plaintiff files in writing a notice of intent not to file an amended complaint, such dismissal order is not an appealable final decision. In a typical case, filing of such notice gives the district court an opportunity to reconsider, if appropriate, but more importantly, to enter an order dismissing the action, one that is clearly appealable. *See* Arthur D. Hellman, *Jumboism and Jurisprudence: The Theory and Practice of Precedent in the Large Appellate Court.* 56 U. Chi. L.Rev. 541, 588–89 (1989).

In this case, proceedings held subsequent to entry of the court's dismissal order show no indication that the plaintiff intended to rest on her complaint without amendment. Lopez's motion for the disqualification of Best, Best & Krieger as counsel for the City, and subsequent failure to appear at the disqualification hearing, prompted the following remarks from the district court: [2]

> I have been quite clear as to what needed to be done, because it was clearly my position in the discussion as to this case and in this chambers that the motion [for disqualification] must go forward because the dismissal that was granted was not a dismissal with prejudice. There could be a later filing on amended complaint.

These comments indicate that the trial court anticipated a subsequent filing of an amended complaint. Moreover, the trial court directly inquired of Lopez's counsel whether she intended to file an amended complaint, to which she responded: "I don't know."

---

2. Lopez filed a motion to disqualify Best, Best & Krieger as counsel for the City on the grounds that there was a conflict of interest in light of the firm's initial advice to her. Thereafter, Lopez failed to appear at the disqualification hearing, compelling the court to vacate the hearing and

issue an order to show cause why Lopez's counsel should not be sanctioned. The above remarks were made at the sanction hearing.

An identical motion for disqualification was recently heard and denied by this court.

Lopez failed to inform the district court in writing that she had decided not to amend the complaint. Therefore, the order dismissing the complaint in this case cannot be a final decision for the purposes of 28 U.S.C. § 1291.

### III

Lopez appealed an order that was not a final decision of the district court. Accordingly, we dismiss her appeal for lack of jurisdiction.

DISMISSED.