107 F.3d 14
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Larry E. BELTON, Sr., Plaintiff-Appellant,
v.
The DEPARTMENT OF VETERANS AFFAIRS, et al, Defendants-Appellees.
 Nos. 95-15683, 95-16200.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 4, 1996.
Decided Feb. 04, 1997.
 
 1
 Before: SKOPIL and FLETCHER, Circuit Judges, and RHOADES, District Judge*.
 
 
 2
 MEMORANDUM**
 
 
 3
 Larry E. Belton appeals the district court's dismissal of his § 1983 civil rights action against the Department of Veterans Affairs ("VA"), and individual federal employees. We have jurisdiction, 28 U.S.C. § 1291, and we affirm. He also appeals the dismissal of a subsequent action as duplicative of the civil rights action. We dismiss this appeal for lack of jurisdiction.
 
 I. Breach of the Settlement Agreement
 
 4
 Belton argues that the district court erred in granting summary judgment for defendants on his claim that they breached a settlement agreement with him and thereby violated his Eighth and Fourteenth Amendment rights.
 
 
 5
 The VA agreed to refund Belton $1665.00 in retroactive benefits and to resume his monthly disability checks. They also agreed to retain $745.50 of withheld benefits in full satisfaction of Belton's outstanding balance of $4,100 owing on a defaulted VA student loan. The VA complied with each of these conditions within six months. The agreement did not specify a time limit for performance. It was not breached. Accordingly, defendants' motion for summary judgment was properly granted.
 
 II. Failure to Apportion Disability Benefits
 
 6
 Belton claims that defendants conspired to refuse to pay a portion of his disability benefits to his children and that he was entitled to damages as a result. He alleges that the refusal to pay deprived him of his constitutional rights under the Eighth and Fourteenth Amendments.
 
 A. Claims Against the Government
 
 7
 The district court properly dismissed Belton's claims against the government for lack of jurisdiction. See Vinieratos v. U.S. Dept. of Air Force, 939 F.2d 762, 775 (9th Cir.1991) (requiring claimants to exhaust administrative remedies before commencing action in federal court); 38 U.S.C. § 511(a) (vesting in Secretary exclusive jurisdiction over questions of law and fact that affect the provision of veterans benefits). Belton failed to exhaust his administrative remedies because he did not file the required Notice of Disagreement with the Board of Veteran Appeals. 38 U.S.C. § 7105.
 
 
 8
 Further, dismissal of his claims for damages under Fed.R.Civ.P. 12(b)(6) was proper. The Department of Veterans Affairs was not a proper party. See Tietjen v. U.S. Veterans Admin., 692 F.Supp. 1106 (D.Ariz.1988), aff'd on other grounds, 884 F.2d 514 (9th Cir.1989). Absent explicit language authorizing suit, a federal agency may not be sued in its own name. Blackmar v. Guerre, 342 U.S. 512, 514 (1952).
 
 
 9
 Finally, to the extent that Belton's claims for damages are claims against the United States, he has failed to exhaust his administrative remedies: "An action shall not be instituted upon a claim against the United States for money damages for injury ... unless the claimant shall have first presented the claim to the appropriate Federal agency." 28 U.S.C. § 2675(a).
 
 B. Bivens Claims
 
 10
 Belton's claims against the individual defendants under Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971), also fail because he does not allege facts that could constitute a violation of any statutory or constitutional right. See Branch v. Tunnell, 14 F.3d 449, 452 (9th Cir.), cert. denied, 512 U.S. 1219, 114 S.Ct. 2704 (1994) (requiring a "heightened pleading standard" in Bivens or § 1983 case where the defendant's subjective intent is an element of the action). He does not state a claim under the Eighth Amendment because he does not allege that the acts he claims constituted "cruel and unusual punishment" occurred in connection with the criminal process, but rather had to do with bureaucratic delay. See Ingraham v. Wright, 430 U.S. 651, 664 (1977). His claim of a Fourteenth Amendment violation of his due process rights fails as it alleges only federal action. But even if he were asserting a Fifth Amendment right, the Veterans Judicial Review Act, 38 U.S.C. §§ 7251-7298, provides him with an administrative procedure for resolving his apportionment claims.
 
 
 11
 The Supreme Court has restricted the availability of a Bivens action where, as here, there is a congressionally created administrative remedy. See, e.g., Bush v. Lucas, 462 U.S. 367, 368 (1983); Schweiker v. Chilicky, 487 U.S. 412, 425 (1988) (the right to recover monetary damages should not be extended to cases where there exist legislatively created remedial mechanisms); Hicks v. Small, 69 F.3d 967, 969 (9th Cir.1995) (VJRA precludes Bivens claim).
 
 III. Duplicative Actions
 
 12
 The district court dismissed a second complaint, 94-CV-2140, ("Belton II "), as duplicative of Belton's civil rights complaint, ("Belton I"). Belton contends that this action is not duplicative because it concerns events which occurred after the filing of Belton I.
 
 
 13
 We dismiss this claim for lack of jurisdiction. The court found that Belton II was duplicative of Belton I. Belton was granted 30 days to respond to this finding, did so, and his complaint then was dismissed without prejudice. Belton did not amend his complaint and never obtained a final judgment of dismissal from the district court. He simply appealed. Because there has been no final appealable order in this case, we lack jurisdiction.
 
 
 14
 In WMX Technologies, Inc. v. Miller, No. 93-55917, 1997 WL 1218, (9th Cir.1997) (en banc), we stated that "a plaintiff, who has been given leave to amend, may not file a notice of appeal simply because he does not choose to file an amended complaint. A further district court determination must be obtained." Id. at * 2. See also Jung v. K. & D. Mining Co., Inc., 356 U.S. 335, 336-37 (1958) (holding that leave to amend a complaint did not constitute final judgment because the suit was left pending for further proceedings either by amendment or entry of final judgment."); Lopez v. City of Needles, 95 F.3d 20, 22-23 (9th Cir.1996) (dismissal of complaint without prejudice not a final order unless plaintiff files a written notice of intent not to file an amended complaint); Proud v. United States, 704 F.2d 1099, 110 (9th Cir.1983) (per curiam) (dismissal of complaint with leave to amend within 60 days not a final judgment).
 
 IV. Conclusion
 
 15
 The judgment of the district court in case CIV-S-94-0122 is AFFIRMED. The appeal in case CIV-S-94-2140 is DISMISSED for lack of jurisdiction.
 
 
 
 *
 The Honorable John S. Rhoades, United States District Judge for the Southern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3