Albin W. NORBLAD; Richard Lefor, Plaintiffs—Appellants,

v.

VERONEX TECHNOLOGIES, INC., a California corporation; David A. Hite; Sandra M. Milligan; Pru Zerny; W. Gennen McDowall, David A. Wool-

ridge; Peggy Martin; Pamela E. Day; Timothy W. Hite; Michael Fryer; Schvaneveldt & Company, Defendants—Appellees.

Nos. 02–55195, 02–56597.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 2, 2003.

Decided June 9, 2003.

Before REINHARDT, O'SCANNLAIN, and FISHER, Circuit Judges.

MEMORANDUM *

Plaintiffs Alvin Norblad and Richard Lefor appeal from orders of the district court (1) granting the defendant's motion to dismiss a complaint without prejudice; and (2) denying the plaintiffs' motion for leave to file an amended complaint, respectively. The facts are known to the parties and shall not be repeated herein except as necessary.

I

We must first determine whether the district court's order of December 18, 2001, dismissing without prejudice the complaint filed in the second action, is a final, appealable, order. *See* 28 U.S.C. § 1291 ("The courts of appeals ... shall have jurisdiction of appeals from all final decisions of the district courts of the United States...."). A final order is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Does I Thru XXII v. Advanced Textile Corp.,* 214 F.3d 1058, 1066 (9th Cir.2000) (internal quotation omitted). Ordinarily, an order dismissing a complaint but not dismissing the action is not appealable under § 1291 "unless circumstances make it clear that the [district] court concluded that the action could not be saved by an amendment of the complaint." *Lopez v. City of Needles,* 95 F.3d 20, 22 (9th Cir.1996) (quoting *Hoohuli v. Ariyoshi,* 741 F.2d 1169, 1171 n. 1 (9th Cir.1984)). In determining whether or not the district court's ruling was final, the focus is the "effect the court intended it to have, rather than the label placed

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

upon it." *Montes v. United States,* 37 F.3d 1347, 1350 (9th Cir.1994).

 We conclude that, under the circumstances presented in this case, the district court's order was not final. In its motion to dismiss, Veronex asked the district court to dismiss the complaint *with* prejudice. The district court's decision to dismiss the complaint, not the action, *without* prejudice was intended to permit the plaintiffs an opportunity to amend their complaint, an opportunity that they specifically asked for. *Cf. DCD Programs v. Leighton,* 833 F.2d 183, 187 (9th Cir.1987) (dismissal without prejudice implies that the district court believes the defects in the complaint are curable).

We must therefore dismiss the appeal from the December 18, 2001, order for lack of jurisdiction.

## II

Plaintiffs also appeal from the district court's order of August 16, 2002, denying the plaintiffs' motion for leave to amend the complaint filed in the first action.

 Federal Rule of Civil Procedure 15(a) permits a party to amend a complaint "once as a matter of course at any time before a responsive pleading is filed...." "A motion to dismiss is not a responsive pleading within the meaning of the Rule. Neither the filing nor granting of such a motion before answer terminates the right to amend; an order of dismissal denying leave to amend at that stage is improper." *Mayes v. Leipziger,* 729 F.2d 605, 607 (9th Cir.1984) (internal quotation omitted). In such a posture, "a motion for leave to amend (though unnecessary) must be granted if filed." *Breier v. Northern Cal. Bowling Proprietors' Ass'n,* 316 F.2d 787, 789 (9th Cir.1963).

In this case, no responsive pleadings were filed prior to the district court's order dismissing the original complaint without prejudice on June 14, 2001. The plaintiffs therefore had not yet exhausted their right to file an amended complaint "as a matter of course" pursuant to Rule 15(a). In such a posture, the "motion for leave to amend (though unnecessary) must be granted if filed." *Breier,* 316 F.2d at 789. We reverse and remand with instructions to the district court to permit the filing of the proposed amended complaint. We express no opinion as to the sufficiency of the complaint. Each party shall bear its own costs.

**DISMISSED IN PART, REVERSED AND REMANDED IN PART.**