F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**August 16, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DANNY R. CAMPBELL,

     Plaintiff - Appellant,

v.

MIKE MULLINS, Warden; EMMA
WATTS, Unit Manager; DEBBIE
ALDRIDGE, Unit Manager,

     Defendants - Appellees.

No. 05-6024
(W.D. Oklahoma)
(D.Ct. No. 04-CV-1573-R)

---

**ORDER DISMISSING APPEAL**

---

Before **KELLY**, **O'BRIEN**, and **TYMKOVICH**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Danny R. Campbell filed a 42 U.S.C. § 1983 action in the United States

District Court for the Western District of Oklahoma claiming the warden, Mike

Mullins, and various members of the staff at the Oklahoma State Prison violated

his constitutional rights under the First, Eighth and Fourteenth Amendments. The

matter was referred to a magistrate judge who determined that venue did not lie in the Western District and recommended the complaint be dismissed without prejudice so Campbell could refile his complaint in the Eastern District of Oklahoma, the proper venue. The district court adopted the magistrate's findings and recommendation and, on January 3, 2005, dismissed the claim without prejudice. Campbell appeals the district court's order.

We have an independent duty to examine our own jurisdiction. *Amazon, Inc. v. Dirt Camp, Inc.*, 273 F.3d 1271, 1274 (10th Cir. 2001). At the outset of this appeal we must determine whether the district court's dismissal of Campbell's claims without prejudice is a final order under 28 U.S.C. § 1291. Generally, only final decisions of the district court are appealable. *Id*. at 1275. However, merely because "the dismissal was without prejudice to filing another suit does not make the cause unappealable." *United States v. Wallace & Tiernan Co.*, 336 U.S. 793, 794 n.1 (1949). While a dismissal without prejudice is usually not a final decision, where the dismissal finally disposes of the case so that it is not subject to further proceedings in federal court, the dismissal is final and appealable. *See Facteau v. Sullivan,* 843 F.2d 1318, 1319 (10th Cir. 1988). "The critical determination [as to whether an order is final] is whether plaintiff has been effectively excluded from federal court under the present circumstances." *Id.*; *Korgich v. Regents of New Mexico Sch. of Mines,* 582 F.2d 549, 550 (10th Cir.

1978) (dismissal without prejudice based on Eleventh Amendment was "death knell of the litigation" in federal court and therefore final and appealable) (internal quotation omitted). The focus must necessarily be on "the district court's intent in issuing its order." *Petty v. Manpower, Inc.,* 591 F.2d 615, 617 (10th Cir. 1979).

In this case, as in *Facteau*, "the district court simply directed plaintiff to the appropriate forum for resolution of the matter, and the order effecting that [refiling] is neither final nor appealable." 843 F.2d at 1319; *see also Baker v. Bray*, 701 F.2d 119, 121-22 (10th Cir. 1983) (if an order "does not address the merits or sound the death knell of litigation in the federal courts, there is no finality.") (internal citations and quotation omitted). The district court carefully considered whether the dismissal and refiling in the proper venue would raise a statute of limitations difficulty and found they would not. Therefore, we do not have jurisdiction under 28 U.S.C. § 1291 and accordingly DISMISS the appeal.

We remind Campbell that he must pay the filing fee pursuant to 28 U.S.C. § 1915(a)(2) to the Clerk of the District Court within twenty days.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge

-3-