**Albin W. NORBLAD; Richard Lefor, Plaintiffs—Appellants,**

v.

**VERONEX TECHNOLOGIES, INC., a California corporation; David Hite, an individual; Sandra M. Milligan, an individual; Pru Zerny, an individual; W. Gennen McDowall, an individual; David A. Wooldridge, an individual; Peggy Martin, an individual; Schva-**

---

neveldt & Company, Certified Public Accountants, a business entity; Darrell T. Schvaneveldt, an individual, Defendants—Appellees.

No. 04–56612.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 7, 2006.

Decided July 17, 2006.

Steven C. Smith, John S. Clifford, Esq., Smith Chapman & Campbell, Santa Ana, CA, for Plaintiffs–Appellants.

Marc W. Rappel, Esq., Latham & Watkins, Los Angeles, CA, for Defendants–Appellees. D.C. No. CV–01–08180–TJH.

Before REINHARDT, TROTT, and WARDLAW, Circuit Judges.

### ORDER

The memorandum disposition filed on June 22, 2006 is withdrawn. The memorandum disposition accompanying this order shall be filed in its place.

The Court will not entertain any petitions for rehearing or petitions for rehearing en banc.

### MEMORANDUM *

Albin Norblad and Richard Lefor appeal from the district court's June 10, 2004 Order granting defendants' motion to dismiss the Second Amended Complaint and from the district court's August 11, 2004 Order denying their motion for reconsideration of the June Order. The August Order explained that "[t]his action was dismissed without prejudice for failure to sufficiently establish scienter." Because we lack jurisdiction over either Order, we dismiss and remand.

We lack jurisdiction over the June Order because it is not a final, appealable decision. *See* 28 U.S.C. § 1291. The Order dismissed the complaint, not the action. Dismissal of a complaint rather than an action is generally not appealable " 'unless circumstances make it clear that the [district] court concluded that the action could not be saved by an amendment of the complaint.' " *Lopez v. City of Needles*, 95 F.3d 20, 22 (9th Cir.1996) (quoting *Hoohuli v. Ariyoshi*, 741 F.2d 1169, 1171 n. 1 (9th Cir.1984)). Here, the circumstances are far from clear as to the district court's intent. Appellees' moving papers did not request dismissal with prejudice; appellants' opposing papers did not address the question either. Only on reply did appellees request that the district court dismiss the action with prejudice and without leave to amend. These circumstances fail to demonstrate that the district court concluded that the action could not be saved by an amendment of the complaint, and nothing in the Order indicates either way. The June Order states that the district court considered only the moving and opposing papers, neither of which addressed the question of dismissal with prejudice. Although the reply sought dismissal with prejudice, the Order states that it granted the motion, which sought only an "Order dismissing the Second Amended Complaint." The motion itself did not seek dismissal with prejudice. In addition, the Clerk's stamp on the June Order indicates that the case was not closed. All of these circumstances together show that the Order is not final.

The August Order, however, further clarifies the district court's intent as to the June Order. The August Order expressly states that the June dismissal was without

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

prejudice and provides a brief explanation for the district court's determination that the Second Amended Complaint failed to state a claim. Moreover, the Clerk's stamp on the August Order indicates that the case was still not closed. The implication of these facts is that appellants may file an amended complaint in the district court. The absence of a final judgment further supports our interpretation that there was no final, appealable order and that this case is still pending before the district court. *See Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 870–71 (9th Cir.2004). Thus, because neither the June Order nor the August Order was a final, appealable order and because there was no final judgment, we have no jurisdiction over this appeal.

In a memorandum disposition dated June 9, 2003, we dismissed an appeal from a nearly identical order in this case for the very same reason. On remand, the district court again issued an order dismissing an amended complaint without providing any explanation of its reasons for dismissal. Only in denying the motion for reconsideration did the district court explain its previous dismissal, but that statement could give little aid to Norblad in "mak[ing] an intelligent choice as to amending." *Bonanno v. Thomas*, 309 F.2d 320, 322 (9th Cir.1962). "[U]nusual circumstances" are present here. *United Nat'l Ins. Co. v. R & D Latex Corp.*, 242 F.3d 1102, 1118 (9th Cir.2001). Therefore, it appears that Norblad may file a Third Amended Complaint. Should a third motion to dismiss be granted by the district court, the district court should make clear whether or not the dismissal is of the complaint, without prejudice to the filing of a further amended complaint, or of the action, with prejudice, and shall provide a sufficient statement of reasons to afford the litigants an opportunity either to amend the complaint in a manner that satisfies the district court's objections or to seek meaningful appellate review.

**DISMISSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT HEREWITH.**