DAVIS, Judge,
concurring in part and dissenting in part:
I join in the majority’s opinion insofar as it affirms the effective date established by the Board in Decision 1. There is no reason to suggest that an effective date earlier than the date of the award of service connection is warranted here. As to Decision 2, however, I believe that the majority’s finding that this Court possesses jurisdiction over a Board’s dismissal of a CUE motion for inadequate pleading is contrary to the law applied by the majority of circuits and aggrandizes this Court’s jurisdiction at the expense of veterans. It is the particular province of the Board to determine pleading sufficiency, and the Secretary has decided that such determinations are not final appealable orders; this Court should give deference to the Secretary’s characterization of the Board’s actions. The majority, concerned by the improbable situation where the appellant elects to stand on the grounds of his dismissed motion or where the Board arbitrarily dismisses CUE motions, ensures that processing time for cases will be expanded while this Court deals, not with the merits of the appellant’s issues, but with the matter of pleading requirements. If this Court finds that the Board erred, the case still would need to be remanded to the Board for a decision on the merits in the first instance, prolonging meaningful adjudication and judicial review. For these reasons, and for the reasons that follow, I must respectfully dissent.
A. Finality of Dismissals Without Prejudice
In federal appellate courts, generally, an order dismissing a complaint without prejudice is neither final nor appealable because the deficiency may be corrected by the plaintiff without affecting the cause of action. See Ciralsky v. CIA, 355 F.3d 661, 666 (D.C.Cir.2004); see also De’Lonta v. Angelone, 330 F.3d 630, 633 n. 3 (4th Cir.2003) (noting that dismissal of a complaint without prejudice is not normally appealable); Welch v. Folsom, 925 F.2d 666, 668 (3d Cir.1991) (recognizing that dismissals of complaints without prejudice are generally not final for appellate purposes); Elfenbein v. Gulf and W. Indus., Inc., 590 F.2d 445 (2d Cir.1978). Courts have crafted exceptions to this rule, such as considering the dismissal as final where refiling the complaint is barred by a statute of limitations or res judicata, where no amendment can cure the defects in the case, or where a district court divests itself of jurisdiction thereby terminating the action, rather than just the complaint; the key factor, however, is the lower court’s intent. See Norblad v. Veronex Techs., Inc., 66 Fed.Appx. 741 (9th Cir.2003) (“In determining whether or not the district court’s ruling was final, the focus is the ‘effect the court intended it to have, rather than the label placed upon it.’ ” (quoting *364 Montes v. United States, 37 F.3d 1347, 1350 (9th Cir.1994))); see, e.g., De Tie v. Orange County, 152 F.3d 1109, 1111 (9th Cir.1998); Welch, 925 F.2d at 668; Ordower v. Feldman, 826 F.2d 1569, 1572 (7th Cir.1987); Bragg v. Reed, 592 F.2d 1136, 1138 (10th Cir.1979). Thus, the Court has a choice to make in deciding which path it will follow; the Court can follow the general rule and treat the dismissal as interlocutory, or find that an exception should apply and treat the dismissal as final. While on the surface either choice appears reasonable, other courts’ concerns giving rise to exceptions to the general rule are inapplicable; here, an appellant can always amend the motion for revision based on CUE, no statute of limitations exist, res judicata is not an issue, and the Board retains jurisdiction. Importantly, in this case, it appears the Board did not intend to, nor could it, relinquish itself of jurisdiction over a subsequent, properly pled request for revision. Finally, caseload considerations, judicial economy, and discretion given to the administrative agency for factfinding in the first instance leads to the better choice of treating the dismissals as interlocutory.
However, the majority determines that the Board’s dismissal of a request for revision based on CUE is a final decision for purposes of this Court’s jurisdiction. Ante at 361. In so concluding, the majority acknowledges that, when determining whether a dismissal without prejudice is final for the purpose of appeals, courts have recognized a difference between dismissals of complaints and dismissals of actions or dismissals of the case. See ante at 359-60. Nonetheless, the majority inexplicably determines that this case is analogous to a dismissal of an action. While the majority appropriately relies on the U.S. Supreme Court case United States v. Wallace & Tieman Co., 336 U.S. 793, 69 S.Ct. 824, 93 L.Ed. 1042 (1949), for the proposition that dismissal of an action is a final decision, the majority fails to take the analysis further. The key here, as in Wallace & Tieman, is the intent of the district court. See id. at 794 n. 1, 69 S.Ct. 824 (“That the dismissal was without prejudice to filing another suit does not make the cause unappealable, for denial of relief and dismissal of the case ended this suit so far as the [djistrict [cjourt was concerned.” (emphasis added)). Importantly, the majority fails to apply the facts here to its analysis, and fails to recognize that the dismissal of a complaint is like the dismissal of an action only when it is the intent of the lower court to dismiss the complaint permanently. If the majority were to apply the facts, it would have to acknowledge that the Board did not intend to permanently dismiss the case; rather, it left the door open for the appellant to refile.
The majority suggests several reasons to support this conclusion. First, it finds persuasive that “there is no procedure for amending the request and permitting the process to continue” and that adjudication ends on dismissal of the request, reinitiat-ed by filing a new request. Ante at 360. This observation fails to recognize that when a complaint is dismissed without prejudice, generally, that dismissal too ends the adjudication until the case is rein-itiated by the filing of a new complaint. Next, the majority makes the circular argument that a Board decision dismissing a request for revision is final because that particular request must be modified or “it presumably would suffer another dismissal,” ante at 360; however, it is axiomatic that a dismissal of a particular complaint, or any other pleading with leave to amend would be dismissed again if it was not modified. The majority further reasons that “only the modified request for revision would ultimately be decided by the Board, [and] an appeal of that decision *365 would not permit judicial review of the previously rejected request for revision.” Id. Even so, if an appellant modifies and resubmits a motion that is adjudicated by the Board, then the initial motion would be of no moment; the appellant would receive an adjudication on the merits — one that could be appealed to this Court if the appellant disagreed with the outcome. As long as a subsequent motion was adjudicated on the merits, what need would an appellant have for review of a prior insufficiently pled motion? As shown below, the majority would be hard pressed to find any court that would consider a dismissal of a pleading “with leave to amend” a final decision of the lower court just because that particular pleading could not be resubmitted without suffering the same fate. Nonetheless, I do not believe that the procedure for amending the request or the mere fact that the appellant cannot repeatedly resubmit the same motion should govern the analysis in this case.
Guidance on treatment of dismissals without prejudice can be gleaned from federal appellate courts whose review of underlying decisions is limited to “final decisions” of district courts. Compare 28 U.S.C. § 1291 (conferring jurisdiction over appeals from final decisions of district courts) with 38 U.S.C. §§ 7266(a) (mandating that a claimant seeking to appeal a decision to this Court must first obtain a “final decision of the Board”) and 7252(a). Like VA’s regulations governing pleading requirements for CUE motions, federal courts have pleading requirements for complaints filed in their courts. Compare Fed.R.Civ.P. 8(a) (requiring a short and plain statement of jurisdiction, claim, and relief sought) with 38 C.F.R. § 20.1404(b) (requiring clear and specific allegations of the “errors[ ] of fact or law in the Board decision, the legal or factual basis for such allegations, and why the result would have been manifestly different but for the alleged error”).
The majority of federal courts employ various reasons for the distinction between dismissals of complaints without prejudice and dismissals of actions without prejudice, the latter being a final, appealable decision. See De Tie, 152 F.3d at 1111 (noting that a dismissal of an action is final, but dismissal of a complaint is nonfinal); see also Elfenbein, 590 F.2d at 448 (recognizing that it is well settled that a dismissal granting leave to amend is not final, and concluding that if the district court dismisses the complaint without further comment, then the dismissal order is final because in that case the district court intended to terminate the action). However, key to the determination that the decision is final, is a clear manifestation by the trial court that it intends to end the case. See Great Rivers v. Farmland Indus., 198 F.3d 685, 689 (8th Cir.1999) (recognizing that to be a final decision, there must be a “clear and unequivocal manifestation by the trial court” that, as far as the court is concerned, that is the end of the ease); see also Berke v. Bloch, 242 F.3d 131, 135 (3d Cir.2001) (“[I]f the order specifically contemplates further activity by the [district [cjourt, it is not considered final.”); Gray v. County of Dane, 854 F.2d 179, 182 n. 4 (7th Cir.1988) (finding the dismissal final where “there is no indication that the district court intended to retain jurisdiction. The clear purpose ... was to end the proceeding in the district court and to permit immediate appeal”); Elfenbein, 590 F.2d at 448 n. 1 (noting that the Ninth Circuit Court of Appeals regards dismissals of a complaint as final only where the district court makes clear that “that the action could not be saved by any amendment of the complaint”). That manifestation of intent is fundamental, even in those circuits that employ an alternative basis to create finality in the lower court’s dismiss *366 al. Indeed, the majority relies upon Ciralsky, supra, for the proposition that a lower court decision may be appealed if amendment to the complaint is impossible, or if the plaintiff chooses to stand on the pleadings as filed.[5] See ante at 359-60. However, in Ciralsky, the court gave the appellant 21 days to file an amended complaint, and expressly warned the plaintiff that if he chose not to file an amended complaint within that time, the plaintiffs case-not merely the complaint — would be dismissed. See Ciralsky, 355 F.3d at 667. In contrast, here, neither did the appellant indicate that he chose to stand on his motion as filed, nor did the Board intend to completely dismiss the appellant’s action. Rather, it intended to retain jurisdiction, stating that the appellant may file an amended motion, and no time limit was placed on the appellant to do so.
Where there is a dismissal of a complaint, similar to a Board’s dismissal of a request for revision based on CUE, leave to amend the pleadings is generally implied. See Micklus v. Greer, 705 F.2d 314, 317 n. 3 (8th Cir.1983) (“[Usually when a plaintiffs complaint is dismissed for failure to comply with Rule 8(a) [of the Federal Rules of Civil Procedure], that dismissal is to be with leave to amend.”); Bertucelli v. Carreras, 467 F.2d 214, 215 (9th Cir.1972) (noting that when a complaint is dismissed because of a defective pleading, “ample opportunity for amendment should be provided in all except the most unusual cases”). “[C]ourts often regard the dismissal without prejudice of a complaint as ‘not final, and thus not appealable ... because the plaintiff is free to amend his pleading and continue the litigation.’ ” Ciralsky, 355 F.3d at 666 (quoting Hoskins v. Poelstra, 320 F.3d 761, 763 (7th Cir.2003), and citing WMX Techs. v. Miller, 104 F.3d 1133, 1136 (9th Cir.1997), and 19 James W. Moore, Moore’s Federal Practice § 201.14 (3d ed.2003)); see also Am. Nat’l Bank and Trust Co. of Chicago v. Equitable Life Assurance Soc’y of the United States, 406 F.3d 867 (7th Cir.2005) (reasoning that a dismissal is final where the district court washed its hands of the case and amending is futile); Elmore v. Lloyd, 30 Fed.Appx. 98 (4th Cir.2002) (“Because Elmore can exhaust his state court remedies and re-file his petition, his appeal of the dismissal without prejudice is interlocutory and not subject to appellate review....”); Berke, supra (noting that a dismissal is final and appealable if the party seeking relief renounces any intention to reinstate litigation or if the district *367 court believes its ruling ends the litigation); Welch, 925 F.2d at 668 (noting that, generally, orders dismissing complaints without prejudice are not final “because the plaintiff may cure the deficiency and refile the complaint”); Elfenbein, supra (recognizing that dismissal granting leave to amend is not final, but where the dismissal ends the action, that order is final); but see Davis Forestry Corp. v. Smith, 707 F.2d 1325 (11th Cir.1983) (reasoning that a dismissal without prejudice can be appealed but noting, in that case, that the district court referred to its order as a “final order of dismissal”). Courts adopting this rule reason that “the plaintiff may be able to amend his complaint to cure whatever deficiencies had caused it to be dismissed.” Coniston Corp. v. Vill. of Hoffman Estates, 844 F.2d 461, 463 (7th Cir.1988); Gray, supra (recognizing that dismissals without prejudice are unappealable interlocutory orders “only when lower courts, either expressly or by implication, retain jurisdiction over the disputes to permit complainants to save by amendment otherwise deficient pleadings”). Similarly compelling are the arguments presented by courts that determine that finality for appellate purposes is based on the effect that the dismissal has on the case. See Carr v. Grace, 516 F.2d 502, 503 n. 1 (5th Cir.1975) (“The appealability of an order depends on its effect rather than its language.”). If the court’s dismissal allows the complainant to file an amended complaint, the dismissal is not considered final. See Ordower, 826 F.2d at 1572. However, if a new complaint cannot be filed “ ‘because of limitations problems or otherwise, the action is treated as final and the order is appealable.’ ” Id. (quoting Bragg, 592 F.2d at 1138); see also Campbell v. Mullins, 146 Fed.Appx. 262 (10th Cir.2005) (finding that if dismissal without prejudice finally disposes of the case so that it is effectively excluded from the federal court, then it is a final, appealable decision).
Additionally, the U.S. Supreme Court determined that a decision is considered final for purposes of federal appellate court jurisdiction when the district court’s decision “ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.” Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 712, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996); see Am. Nat’l, supra. Conversely, if the order contemplates further activity by the district court that is not merely ministerial, it is not considered final. See Berke, 242 F.3d at 135. The purpose for avoiding the piecemeal litigation encouraged by the majority is that, as a general rule, “ ‘a party is entitled to a single appeal, to be deferred until final judgment has been entered, in which claims of district court error at any stage of the litigation may be ventilated.’ ” Quackenbush, 517 U.S. at 712, 116 S.Ct. 1712 (quoting Digital Equip. Corp. v. Desktop Direct, Inc., 511 U.S. 863, 868, 114 S.Ct. 1992, 128 L.Ed.2d 842 (1994)).
The history of 38 C.F.R. § 20.1404 (2005) also provides guidance here. Previously, the law required that the Board deny as a matter of law insufficiently pled CUE requests. See 38 C.F.R. § 20.1404 (2000). After a denial, the appellant would be barred from pursuing that request further. See Disabled Am. Veterans v. Gober, 234 F.3d 682, 704 (Fed.Cir.2000). When the regulation was revised, it ensured that if an appellant filed an insufficient CUE motion, that would not be the end of their request. In accordance with Disabled American Veterans, the Secretary amended § 20.1404 by requiring the Board to dismiss, rather than deny, requests that are inadequately plead “without prejudice to refiling.” 66 Fed.Reg. 35902. The Federal Register reflects that, *368 to conform to that change, § 20.1409(b) was amended “to provide that the dismissal without prejudice of a CUE motion is not a final decision of the Board.” 66 Fed.Reg. 35902; see 38 C.F.R. § 20.1409 (2005) (“[A] dismissal without prejudice under [38 C.F.R. § 20.1404(b)] ... is not a final decision of the Board.”).
Based on the foregoing, I believe that dismissals of motions for revision based on CUE more closely resemble dismissals of complaints than dismissals of actions. A dismissal based on inadequate pleading does not reach the merits of the issue, and by regulation, the Board dismissal must be without prejudice so as to permit the appellant the opportunity to amend the motion and refile. Additionally, a key consideration in the above cases is whether the district court believes its ruling ends the litigation. See Great Rivers, supra. That same question is critical here: Does the Board believe its ruling ends the litigation? In this case, and with all other motions for revision based on CUE, the Board retains jurisdiction, and an appellant may file an amended motion directly with the Board instead of receiving an adjudication from the RO first. See 38 U.S.C. § 7111(e) (noting that requests for revision based on CUE should be submitted directly to the Board). Moreover, here the Board order stated that the appellant failed to plead CUE with the requisite specificity, but then specifically contemplated further activity when it added that “[t]he veteran is thus free at any time to resubmit a CUE [request] with respect to the April 1991 Board decision.” R. at 30. Although the Board did not require repleading within a certain period of time, it left the door open for the appellant to refile with the Board a request for revision based on the same underlying facts at any time. See Berke, 242 F.3d at 135. Because the appellant’s motion can be saved by amendment, the appellant is not barred from refiling based on res judicata, a statute of limitations, or otherwise, and because the Board retains jurisdiction over the case, the Board’s dismissal without prejudice to refiling is essentially interlocutory in nature and should not be reviewed here.
B. 38 C.F.R. § 20.1409
The majority provides only a cursory reference to 38 C.F.R. § 20.1409, see ante at 358, which regulation seems, at least on its face, determinative of the issue here. That regulation provides that the Board’s dismissal without prejudice for failure to adequately plead a motion for revision based on CUE “is not a final decision of the Board.” 38 C.F.R. § 20.1409. The Secretary is expressly authorized to “prescribe all rules and regulations which are necessary or appropriate to carry out the laws administered by the Department and are consistent with those laws.” 38 U.S.C. § 501. Because substantial deference is given to the Secretary’s interpretation of a statute, his interpretation will not be set aside unless it is “arbitrary, capricious, or manifestly contrary to the statute.” Gallegos v. Principi, 283 F.3d 1309, 1312 (Fed.Cir.2002) (noting that, unless the statute speaks “directly” “to the precise question,” under Chevron deference,[6] “any ensuing [agency] regulation is binding in the courts unless procedurally defective, arbitrary or capricious in substance, or manifestly contrary to the statute” (alteration in original) (citing United States v. Mead Corp., 533 U.S. 218, 229, 121 S.Ct. 2164, 150 L.Ed.2d 292 (2001))). While I acknowledge that the Secretary’s regulations cannot confer *369 jurisdiction on or divest jurisdiction from this Court, here, as noted above, the Secretary’s regulation is a reasonable characterization of the Board’s action. Because the agency’s regulation must be accorded Chevron deference, I believe that the majority should have deferred to the Secretary’s characterization of the Board action as set forth in 38 C.F.R. § 20.1409.
C. Use of Petitions for Extraordinary Relief
Contrary to the majority’s conclusion, appellate review is not the only remedy for the erroneous dismissal of a request for revision. See ante at 360. In the unlikely event that the Board repeatedly dismissed a request for revision based on CUE and thereby abused its discretion, a petition for extraordinary relief is available. As a preliminary matter, the Board has no incentive to arbitrarily dismiss cases for lack of pleading specificity. This is particularly so in light of the Federal Circuit’s consistent mandate that the Board give a sympathetic reading to a pro se appellant’s pleadings. See Andrews v. Nicholson, 421 F.3d 1278, 1281 (Fed.Cir.2005); Roberson v. Principi, 251 F.3d 1378 (Fed.Cir.2001). The dismissal is an invitation to replead, and an appellant’s subsequent filing would still need to be adjudicated. The only way that the Board could effectively conclude a case would be to decide it on the merits, and allow the appellant to appeal the case to this Court.
“Issuance of the writ is in large part a matter of discretion with the court to which the petition is addressed.” Kerr v. U.S. Dist. Court, 426 U.S. 394, 403, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976). In the interest of judicial economy, petitions are to be used in only extraordinary circumstances, thus one arguably erroneous dismissal would not qualify. See De Beers Consol. Mines, Ltd. v. United States, 325 U.S. 212, 65 S.Ct. 1130, 89 L.Ed. 1566 (1945) (noting that writs of mandamus cannot be used “to correct a mere error in the exercise of conceded judicial power. But when a court has no judicial power to do what it purports to do-when its action is not mere error but usurpation of power-the situation falls precisely within the allowable use [of writs]”). “The scope of a mandamus proceeding must be narrowly maintained else the same impediments to justice and disservices to litigants produced by the appeal of an interlocutory order would be present without compelling countervailing considerations.” Kasey v. Molybdenum Corp. of America, 408 F.2d 16, 19-20 (9th Cir.1969). Although the majority is correct that an appellant’s belief that the Board erred does not, standing alone, provide a basis for a petition, a petition would be appropriate in the unlikely event that the Board repeatedly and arbitrarily dismisses an appellant’s motion. Such multiple baseless dismissals by the Board would fall within this Court’s ambit, and a petition could be utilized to compel the Board to perform its duty. See Kerr, 426 U.S. at 402, 96 S.Ct. 2119 (noting that the remedy of mandamus is a drastic one, to be invoked only in extraordinary circumstances to confíne a lower court to its lawful jurisdiction or to compel it to perform its duty to exercise authority); Bankers Life & Cas. Co. v. Holland, 346 U.S. 379, 382, 74 S.Ct. 145, 98 L.Ed. 106 (1953). The majority fashions its holding today to allow appellants, as a matter of right, an appeal to this Court from the Board’s dismissal of their motion for revision based on CUE, even though the appellant can always amend his filing and state his claim again directly to the Board. Because I believe that a petition for extraordinary relief could be used in the unlikely event that the Board repeatedly acts arbitrarily, there is simply no benefit that could arise from the majority’s holding today.
*370 The majority’s opinion will expand this Court’s jurisdiction to review matters addressing not the merits of the appellant’s argument, but whether a CUE motion contains specific and clear allegations. Case-law from the majority of other circuits refrains from addressing this type of matter to foreclose the possibility of piecemeal litigation. This decision has the potential to increase the time it will take for an appellant to receive a final judgment in his or her case. Even if this Court were to find that the Board erred and the appellant had plead with specificity, the Court could not adjudicate the claim; at most, it could remand the case back to the Board for the Board to address the issues in the first instance. Alternatively, if we were to affirm the Board’s holding, that determination has no preclusive effect; by statute, the appellant can always amend and refile the motion with the Board. See 38 U.S.C. § 7111(e). Because I believe the Court’s decision will only have the effect of expanding our caseload to include review of administrative matters and lengthening the time it takes for an appellant to receive a decision on the merits, I respectfully dissent.

. The Third and Ninth Circuit Courts of Appeal have adopted a rule to finality that finds a complaint dismissed without prejudice as nonfinal except in special circumstances, such as when the plaintiff cannot cure the defect that led to the dismissal or, a rule particular to those two circuits, the plaintiff elects to stand on the dismissed complaint. See, e.g., Welch, 925 F.2d at 668; Lopez v. City of Needles, 95 F.3d 20 (9th Cir.1996). Put another way, those circumstances “must be such as to make it clear that the court determined that the action could not be saved by any amendment of the complaint ... thereby entitling the plaintiff to assume he had no choice but to stand on his complaint.” Ruby v. Secy of U.S. Navy, 365 F.2d 385 (9th Cir.1966). Here, the majority fashions its approach, in part, from a rule that is particular to the Third and Ninth Circuits although other circuits generally treat such dismissals as interlocutory, even when the plaintiff "stands on” his or her complaint. It is important to note that, in this case, there is no indication by the Board that he could not cure the defect in his motion; to the contraiy, the Board left the door open for amendment by stating that the appellant was free at any time to resubmit a CUE request. I also see no reason to include in our finality rule an exception that an appellant may "stand on his complaint.” Adopting such a rule is contrary to other circuits, and here, would act essentially as an appeal of right, ignoring the intent of the Board and the principle of judicial economy.

. The concept of "Chevron deference” refers to the deference afforded to an agency regulation as announced in Chevron U.S.A., Inc. v. NRDC, 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984).