**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 16 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JEFFREY R. HERSON, | No. 11-17172 |
| Plaintiff - Appellant, | D.C. No. 3:11-cv-00403-LRH-VPC |
| v. | |
| CITY OF RENO, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Argued and Submitted October 8, 2014
San Francisco, California

Before: IKUTA, N.R. SMITH, and MURGUIA, Circuit Judges.

Jeffrey Herson appeals the district court's order of August 12, 2011 (the "Order") dismissing his claims for lack of standing. We dismiss the appeal for lack of jurisdiction.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

This court's jurisdiction is limited to final decisions of the district court. 28 U.S.C. § 1291. "Final decisions end the litigation on the merits and leave nothing for the court to do but execute the judgment." *Am. States Ins. Co. v. Dastar Corp.*, 318 F.3d 881, 884 (9th Cir. 2003) (internal quotation marks and alterations omitted). "The final judgment rule promotes judicial efficiency, avoids multiplicity of litigation and minimizes delay by forbidding piecemeal disposition on appeal of what for practical purposes is a single controversy." *Id.* (internal quotation marks and alterations omitted).

"[A]n order granting a motion to dismiss, standing alone, may not be appealable. In these cases, we have looked beyond the dismissal order and read the entire record to determine what effect the court intended its order to have." *Nat'l Distrib. Agency v. Nationwide Mut. Ins. Co.*, 117 F.3d 432, 433-34 (9th Cir. 1997) (citation omitted). Specifically, "[e]vidence of intent consists of the Order's content and the judge's and parties [sic] conduct." *In re Slimick*, 928 F.2d 304, 308 (9th Cir. 1990). This court also looks at whether a plaintiff "elects to stand on the dismissed complaint" when determining whether an order granting a motion to dismiss without prejudice is "final and appealable." *Lopez v. City of Needles*, 95 F.3d 20, 22 (9th Cir. 1996) (internal quotation marks omitted).

In the present case, the court's Order dismissed Herson's challenge to the City of Reno's sign ordinances without prejudice, thereby allowing Herson to amend his complaint. Thereafter, Herson filed a "new" complaint in the same court and against the same defendant. *See Herson v. City of Reno and State of Nevada*, Case No. 3:11cv-00633-ECR-WGC. The complaint revived every single claim Herson had made against the City of Reno's sign ordinances in his first complaint. The only differences between the first complaint and the second complaint were that 1) the second complaint also reflected events that had occurred since the filing of Herson's first complaint; 2) Herson joined the State of Nevada to one of his claims;[1] and 3) Herson introduced an equal protection claim. Challenging the "new" complaint, the City alleged that the "First and Second Lawsuits are the same." Thus, looking beyond the dismissal Order, the record indicates that the Order was not perceived as final because Herson did not stand upon his original complaint. To avoid piecemeal litigation, the panel holds that the Order was not an appealable final judgment. Therefore, this court lacks jurisdiction.

**DISMISSED**.

---

[1]Herson later voluntarily dismissed the State of Nevada from the suit.