

2001 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-27-2001

# Berke v. Bloch

Precedential or Non-Precedential:

Docket 00-2078

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2001

Recommended Citation
"Berke v. Bloch" (2001). *2001 Decisions.* Paper 36.
http://digitalcommons.law.villanova.edu/thirdcircuit_2001/36

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2001 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed February 27, 2001

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 00-2078

LYNNE BERKE; DAVID ABDINOOR; LEONARD ACCARDO;
JEFF ADAMS; ARNOLD ADICOFF, M.D.; MAR Y ELLEN
ANDERSON; KERMETH G. ANDERSON; PABLO ARIAS;
PAUL ARIAS; KURT ARNST; OSCAR ASCURRA; STEWARD
AUSTIN; ROBERT BALBACH, JR.; PHILIP BANKS, JR.;
PASQUALE BARISCIANO; LYNDA BATTLE; ARTHUR
BEEBE; MR. AND MRS. DAVID BEVERLY; JOSEPH
BIRES; JOHN BOHMKE; RANDOLF BOOKER; CARL
BOULAY; SCOTT BOYER; RICHARD BRADLEY; ANNA
BRODYCZ; MELVIN BURKHARDT; ROSEMARY
CAMPERLENGO; JOSEPH CARDELLA; JOHN CAREY; KEN
CARPENTER; SAMUEL CASTRO; FRANK CHAN; YOUNG
CHANG; VICTOR CHEUK; E. NORMAN CHOINIERE;
EUGENE CHRISKE; RAYMOND CLARK; CRAIG CLERF;
MRS. RAYMOND CODY; DONALD COLEMAN; EDUARDO
CONSOLE; WILLIAM COOTE; SHIRLEY CORBETT; DAVID
CORNELL; AIDA CORTES; ELIZABETH CRAIG; DIANA
DAPONTE; ANGELA DAVIE; LOUIS DEBLASIO; LOUIS
DEMARCO; ANTHONY DIBATTISTA; CHARLES
DIGRIGOLI; JAMES DOW; DANNY K. & DOROTHY M.
DUNBAR; JANET DUNN; DONALD DYER; EASTERN
ANALYTICAL SERVICES, INC., C/O PAUL STASCAVAGE;
JAMES EDWARDS; DIANE EVANS; HARLOW F ARMER, III;
JOSEPH FAVALE; HAROLD FERIOLI; F.L. FICKS; ALICE
FIRGAU; HELEN FREEMONDE; PETER FRIEL; STUART
FRIES; ELIZABETH FUSS; FLOYD GALLEGOS, SR.; IRA
GELBER; KATHLEEN GIACOMO; EDWARD GILMORE;
LAWRENCE GIUSTINIANI; DAVID GLICKMAN; KENNETH
GLOYESKE; THEODORE GOLDMAN; DOYLE GROSS;
HENRY GROSSMAN; GUARDIAN INVESTMENT CLUB,
C/O DENNIS MCCULLOUGH; JABIR GULAMHUSSEIN;

MARLENE HALLMAN; DENNIS HANCOCK; TYSON HARPER; JOHN HARRISON; MARTIN HAYES; EDWARD HEIMRICH; VICTOR HIMEL; BRYAN HODGKINS; BRIAN HOFF; CHARLES HORVATH; HANS HUNZIKER; GLORIANNE JACKSON; RICHARD JEFFERSON; KENNETH JENKINS; PHILLIP JENSEN; CLARE JOHNSON; ERIC JOHNSON; ROSS JOHNSON; WILFRED JOHNSON; WILLIAM JONES; HENRY KARPIK; MARK KESSLER; FRAZIN KHIABANI; DANIEL KILFOYLE; JOSEPH KOLODZEJ, JR.; JOSEPH KILIDZEJ, SR.; CHESTER KOZLOWSKI; JOAN KUJAWSKI; FRED LACROIX; ARRON LEHMANN; ROBERT LESINSKI; HOWARD LITTLE; ROBERT LOSHBOUGH; BRUCE LOUGHRIDGE; YVONNE LUMB; LUCILLE LUSTICA; HUBERT MAEHR; MARIE MARCHESE; H. STEVEN MARELIA; RALPH MARICONDA; JAMES MASONE; DOUGLAS MCFADDEN-BLANK; JAMES C. MCCANN; WILLIAM MCGOWAN; DENNIS MCIVOR; WILLIAM MCPHILLIPS; JOSEPH MECCA; THOMAS MERWIN; GREGORY MERYAM; JOHN MOONEY; JESSIE MOONEY-GRIFFIN; ISABEL MOUNTBATTEN; ROTHER MURRAY; JOHN NAYLOR; FRANK NEDELKA; ANN NEWMAN; FARSHID NIKFAR; BRENDAN O'CONNOR; DALE OBERLY; GARRETT OCKERT; EDW ARD OLSON; DAVID OWEN; MARGARET OXENDINE; ANTHONY PANNELLA; WILLIAM PARKER; GEORGE P ATTEN, JR.; BOBBY PAYNE; VINCENT PERO; NADJA PETRIZZO; L. GORDON PFEFFERKORN; HARRY PINKMAN; NICOLETTE PISCATELLI; ALVIN POLLEX; JEFFREY POPE; MICHAEL POTTER; FREDDIE PRESSLEY; RICHARD PRESIOSI; GRACE RADONICIC; FRANK RECCA; STUART REIN; JASON REIN; GARY RIEMER; BRADLEY RITZ; ANTHONY RIZZIO; LUCIEN RIZZO; THOMAS ROOF; WILLIAM ROTHE; ONOFRIO RUSSO; RALPH RUSSO, JR.; JOHN RYERSON; SERG SAINT-PRIX; SANDRA SANTIAGO; LARRY SCARINGELLI; LYNN SCHEELER; ROBER T SCHELICH; RICHARD SCHINDLER; F. THOMAS SENIOR; JOSEPH R SHARPLES; RONALD SHEN; ROBERT SHIFMAN; HERBERT SIEH; NICHOLAS SITINAS; LESLEY M. SMITH; LYDIA SMITH; FRANKLIN SMITH; DORIS SOAPE; JAMES SOCKMAN;

WILLIAM SOCKMAN; PATRICIA SOFRAN; P AUL ST. JEAN;
MICHAEL STAFFORD; ISREAL STEIN; JOHN STEVENS;
DOUGLAS STROHL; RONALD SULLO; JOSEPH SWINTON;
HAROLD TAPSCOTT; JULIA TAYLOR; SANDRA THOMAS;
FRANCINE TINDONA; JOSEPH TOMAINO; KATHLEEN
TOTH; RICHARD ROWNSEND; LARRY TRAUB;
ALEXANDER TRENTO; MICHAEL TRONOLONE; GEORGE
TURNER; DOLORES TUSS; EDWIN UTLEY; RONALD
VACCA; ADELE VECCHIONE; ARCENIO VELEZ; FRANK
VIOLA; INEZ WALSH; JOSEPH WEHNER; JOSEPH
WEINBERGER; JANET WESTLAKE; CHARLES WILLIAMS;
ROSE ZAPPOLI; ABE ZYMAN, Appellants
and ALICE O'DONNELL

v.

PAUL H. BLOCH; STEVEN E. WEIGNER; INDEPENDENT
BROADCASTERS NETWORK, INC.; BROADCAST
MANAGEMENT CORPORATION; BROADCAST RADIO GRP;
BUCKLEY BROADCASTING CORPORATION, d/b/a WOR
Radio; FUTURE VISION DIRECT MARKETING, INC.;
NATIONWIDE WIRELESS CORPORATION; JAMES
BARSCHOW; RICHARD HORNE; MARK EDDINGER; MARK
FREEDMAN; PHILIP JAMES CARATOZZOLA; PHILIP
FORMA, SR.; DANIEL KELLY; HERBERT HERR; IRA
COHEN; WILLIAM GERONIMO; RAY FILLWEBER; JOHN
FORMA; SCOTT LAGROSSA; JOHN GNOLFO; NEIL
SLAVIN; TOM FASANO; PIONEER NUMISMA TICS, INC.;
JOHN WRUBLEWSKI; MICHAEL SCHWAN; KEVIN
SCHWAN; ADAM CRUM; DAVID CAMIRE; JOHN DOES, 1-
25 (Names being fictitious and unknown but described as
salespeople and/or business entities selling investment in
The Great Columbia Basin Limited Company); HARR Y I.
"SONNY" BLOCH; BLOCH BROADCASTING; BRUCE
SCHROEDER; JOSEPH GLENSKI; CARDIFF
BROADCASTING; CARDIFF PARTNERS "A"

ON APPEAL FROM THE UNITED STATES District Court
FOR THE DISTRICT OF NEW JERSEY
(D.C. Civil No. 94-cv-05999)
District Judge: The Honorable Nicholas H. Politan

3

Submitted Under Third Circuit LAR 34.1(a) on
January 22, 2001

Before: NYGAARD, ALITO, and ROSENN, Cir cuit Judges.

(Filed: February 27, 2001)

OPINION OF THE COURT

NYGAARD, Circuit Judge.

Before us is Appellee Buckley Broadcasting's motion to
dismiss this appeal for lack of jurisdiction. The Appellants
have filed a memorandum in opposition. Buckley
Broadcasting argues that we lack jurisdiction because the
Appellants did not file their notice of appeal within thirty
(30) days of the date the District Court's judgment became
final, as required by F.R.A.P . 4(2)(1)(A). The Appellants
maintain that such finality was not achieved until June 8,
2000, and that their notice of appeal -- filed on June 21,
2000 -- was therefore timely.

I. Background

On December 19, 1999, two hundred and eighty-eight
(288) plaintiffs filed a complaint alleging that several named
defendants fraudulently solicited their investment in units
of the Greater Columbia Basin Limited Liability Company.
The purpose of this solicitation was to raise money for a
wireless cable television system. Appellants (plaintiffs
below) claimed that these investments were worthless and
that the revenue generated was fraudulently diverted and
has never been located or returned to them.

Buckley Broadcasting was one of the named defendants.
The only federal claim against Buckley Broadcasting was
that it sold an unregistered security, as defined by section
12(1) of the Securities Exchange Act of 1933. On December
14, 1999, the District Court granted Buckley Br oadcasting's
motion for summary judgment. The District Court found no
genuine issue as to whether Buckley Broadcasting was a
"seller" of securities within the meaning of the statute. The

4

District Court declined to exercise supplemental jurisdiction with regard to the remaining state law claims and dismissed them.

On January 13, 2000, the Appellants filed a notice of appeal contesting the December 14, 1999 order . Because their cause of action remained active as to several other defendants, the Appellants later voluntarily withdr ew the appeal, indicating that they reserved the right"to refile said appeal at such time as the Order of December 14, 1999 becomes final within the meaning of 28 U.S.C.S 1291 or is certified as such by Judge Politan."1

On March 1, 2000, the District Court filed an order dismissing the action with respect to the r emaining defendants, expressing its belief that the matter had been settled with the two remaining defendants, W illiam Geronimo and Raymond Fillweber. The District Court dismissed the action "without costs and without prejudice to the right, upon good cause shown, within 60 days, to reopen the action if the settlement is not consummated." The order further instructed that "this case is now CLOSED." (emphasis in the original). That is to say, the Appellants had until Monday, May 1, 2000, to r e-open their case if the settlement fell through.

The docket indicates that the Appellants undertook no action within the prescribed sixty (60) day period following entry of the District Court's order. It was not until May 4, 2000, that the Appellants returned to the District Court and requested the entry of a "stipulation of dismissal with prejudice" as to Fillweber. On June 8, 2000, the Appellants requested a final stipulation of dismissal fr om the District Court for Geronimo. The Appellants filed a notice of appeal on June 21, 2000.

_____

1. We note that although they voluntarily withdrew their appeal, Appellants did not seek to reinstate it. The fact that they "reserved the right to refile said appeal at such time as the Order of December 14, 1999, becomes final within the meaning of 29 U.S.C. S 1291 or is certified by Judge Politan" is irrelevant.The requirements of F.R.A.P. are not discretionary. Such limitations are"mandatory and jurisdictional," and parties filing notices of appeal cannot r eserve the right to refile them
more than thirty (30) days after a final judgment. Krebs Chrysler-Plymouth, Inc., v. Valley Motors, Inc., 141 F.3d 490, 495 (3d Cir. 1998).

II. Jurisdiction and Final, Appealable Or ders

For purposes of appellate jurisdiction, we must determine first whether there was a final order entered in this case and, if so, when it became appealable. Federal law provides that we shall have jurisdiction over appeals fr om "all final decisions of the District Courts of the United States." 28 U.S.C. S 1291. A decision is consideredfinal for purposes of section 1291 when the District Court's decision"ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 710-11, 116 S.Ct. 1712, 1718 (1996); see also Van Cauwenberghe v. Biar d, 482 U.S. 517, 521, 108 S.Ct. 1945, 1949 (1988); Aluminum Com. of America v. Beazer East Inc., 124 F.3d 551, 557 (3d Cir. 1997); Christy v. Horn, 115 F.3d 201, 203 (3d Cir . 1997). Conversely, if the order specifically contemplates further activity by the District Court, it is not considered final. If the order contemplates only ministerial actions by the District Court however, finality may exist. See Paiewonsky Assoc. Inc. v. Sharp Props. Inc. 998 F.2d 145, 150 (3d Cir. 1990).

An order dismissing a case outright is, of course, final and appealable. Trent v. Dial Med. of Florida et al., 33 F.3d 217, 220 (3d Cir. 1994) (citing Ingersoll-Rand Fin. Corp. v. Callison, 844 F.2d 133, 134-35 & n.1 (3d Cir. 1988)). We have even indicated that dismissals "without pr ejudice" may be final and appealable if the District Court believes its ruling ends the litigation. See id. (citing United States v. Wallace & Tiernan Co., 336 U.S. 793, 794 n.1, 69 S.Ct. 824, 825 n.1 (1949)). We have cautioned, however, that such dismissals could not be appealable until the party seeking relief renounces any intention to reinstate litigation. Id.; see also Tier nan v. Devoe, 923 F.2d 1024, 1031 (3d Cir. 1991).

III. The March 1, 2000 Order

Buckley Broadcasting initially argues that the March 1, 2000, order required no further action by the District Court and was therefore final and appealable on that date. Buckley Broadcasting points out that the Mar ch 1, 2000 order dismissed the case, leaving it open only so that the

6

District Court may, upon a showing of good cause, r etain jurisdiction if a settlement was not consummated. Additionally, they suggest that the March 1st order did not reserve for the District Court the jurisdiction to re-examine the case on the merits, or the ability to enter any further substantive orders; the Court expressly closed the case.

However, the District Court dismissed all claims without prejudice, giving the Appellants sixty (60) days to reinstate their action if a settlement was not reached. This condition is problematic. When a District Court dismisses a case pending settlement, and grants the Appellants leave to re-file within a set period of time, the order cannot be considered final for the purposes of appeal on the date it was entered. Typically, conditional dismissals based on imminent settlement include a fixed period of time to reach settlement terms. While these types of dismissals may keep the parties' "feet to the fire" by giving them a deadline to conclude settlement, they cannot be consider ed final. Instead, if terms are reached, and/or the plaintiff makes no attempt to re-open the litigation, the or der ripens into a final, appealable order upon the expiration of the fixed time period.

It is a "well-settled principle" in this cir cuit that an order dismissing a complaint without prejudice is not a final and appealable order unless, for example, the plaintiff no longer can amend the complaint because the statute of limitations has run or if the plaintiff has elected to stand on their pleadings. In re Westinghouse Secs. Litig., 90 F.3d 696, 705 (3d Cir. 1996); see also Bethel v. McAllister Bros. Inc., 81 F.3d 376, 381 (3d Cir. 1996); Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir. 1995); Pr esbytery of N.J. Orthodox Presbyterian Church v. Florio, 40 F .3d 1454, 1461 & n.6 (3d Cir. 1994); Batoff v. State Far m Ins. Co., 977 F.2d 848, 851 n.5 (3d Cir. 1992); Welch v. Folsom, 925 F.2d 666, 668 (3d Cir. 1991); Newark Branch, N.A.A.C.P . v. Harrison, N.J., 907 F.2d 1408, 1416-17 (3d Cir. 1990). While the order of dismissal in this case was not final and appealable when it was entered, we find the Appellants' failur e to do anything in the subsequent sixty (60) day period akin to standing on their complaint, thereby making the order both final and appealable on May 1, 2000.

7

Federal Rule of Appellate Procedure 4 instructs that "in a civil case . . . the notice of appeal requir ed by Rule 3 must be filed with the district clerk within 30 days after the judgment or order appealed from is enter ed." F.R.C.P. 4(a)(1)(A). An untimely appeal does not vest an appellate court with jurisdiction. See Browder v. Director, Dep't of Corr., 434 U.S. 257, 264 (1978); Mar cangelo v. Boardwalk Regency, 47 F.3d 88, 91 (3d Cir. 1995). Since the order became final and appealable on May 1, 2000, the notice of appeal filed by the Appellants on June 21, 2000, was not timely. We lack jurisdiction to review this case and will, therefore, dismiss.

The Appellants argue that their filing and communications with the District Court clearly indicated that the litigation was not to be consideredfinal until the filing of stipulations of dismissal with pr ejudice. As evidence of this intention, they refer to an ex parte letter sent to the District Court on March 1, 2000, in which the Appellants outlined their plans to achieve settlement with the remaining defendants, Geronimo and Fillweber. We are not persuaded. The judicial process works best when orders mean what they say. See Adams v. Lever Br os. Co., 874 F.2d 393, 395 (7th Cir. 1989). The District Court's order is clear and unambiguous. Just as parol evidence is excluded in contracts cases when the plain language is clear , so too this type of ex parte evidence about a party's intentions must be considered irrelevant to an unequivocal and final order.

Finally, the filing of "stipulations of voluntary dismissal with prejudice" on May 4, 2000, and on June 8, 2000, do nothing to rescue the untimely notice of appeal. We view them as superfluous. Geronimo and Fillweber were already dismissed from this case on March 1, 2000.

IV. Conclusion

The March 1, 2000, dismissal order in this case is final and became appealable on May 1, 2000. Because the Appellants did not file their notice of appeal until June 21, 2000, we lack the requisite jurisdiction to adjudicate this appeal. Consequently, this appeal is dismissed.

A True Copy:
Teste:

       Clerk of the United States Court of Appeals
       for the Third Circuit