

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-29-2004

# Schumacher v. Souderton Sch Dist

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-1823

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Schumacher v. Souderton Sch Dist" (2004). *2004 Decisions.* Paper 454.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/454

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-1823

PATTY L. SCHUMACHER

v.

SOUDERTON AREA SCHOOL DISTRICT;
LOWELL A. TINNER, SUPERINTENDENT;
SOUDERTON AREA SCHOOL BOARD;
RICHARD SWARTLEY, PRESIDENT - UNTIL 12/2002;
RICHARD E. THOMPSON, VICE PRESIDENT UNTIL 12/2002;
STAN WISLER, SECRETARY; DONNA DEVLIN, TREASURER;
TRACY G. COLE; RICHARD G. DETWILER; SHARON J. GEHRET;
PETER O. KRANZ; ERIC R. MACDOUGALL; RALPH "BUD" MILLER

Patty Schumacher,
Appellant

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. Civil Action No. 02-cv-04477
District Judge: Honorable James T. Giles

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 27, 2004
Before: SCIRICA, *Chief Judge*, FISHER and ALARCÓN*, *Circuit Judges*

(Filed July 29, 2004)

*The Honorable Arthur L. Alarcón, United States Circuit Judge for the Ninth Judicial
Circuit, sitting by designation.

OPINION OF THE COURT

SCIRICA, *Chief Judge*.

In this employment discrimination case, appellant Patty L. Schumacher challenges two orders of the District Court. We will dismiss for lack of appellate jurisdiction.

**I**

Schumacher worked for the Souderton Area School District ("School District") as a math teacher for 14 years and as a geography teacher for one year. According to Schumacher, she suffered discrimination and transfer of position after disclosing to the School District that she had been diagnosed with Attention Deficit Hyperactive Disorder. In March 1999, she filed a complaint against the School District, asserting claims under the Americans with Disabilities Act, 42 U.S.C. § 1201 *et seq.,* and the Pennsylvania Human Relations Act, 43 P.S. § 950 *et seq.* The complaint also asserted claims of age discrimination under the Age Discrimination Employment Act, 29 U.S.C. § 621 *et seq.,* civil rights violations under 42 U.S.C. §1983, retaliation under 42 U.S.C. §1201, and breach of contract relating to a collective bargaining agreement between Schmacher's union and the School District.

On November 9, 2000, at a hearing before Magistrate Judge Wells, the parties successfully reached a settlement agreement. Among other provisions, the settlement

contained a stipulation of confidentiality and a release by the plaintiff of all claims against the School District.

On July 8, 2002, Schumacher filed a complaint alleging the School District failed to properly inform the pension fund of her income as stipulated under the terms of the settlement. The School District filed a motion to dismiss, asserting that it abided by all the terms of the settlement agreement. It also filed a motion to seal the pleadings and references to the terms of the settlement agreement. By order dated November 6, 2002, the District Court granted the motion to seal the pleadings. By order dated February 25, 2003, the District Court granted the School District's motion to dismiss without prejudice, allowing Schumacher to refile claims relating to post-settlement conduct with leave of court on or before May 22, 2003. Schumacher appealed, challenging these two orders.

**II**.

### A.    Order dated November 6, 2002

Orders which limit access to the trial record are generally considered final and appealable. 28 U.S.C. § 1291; *United States v. Antar*, 38 F.3d 1348, 1355-1356 (3d Cir. 1994), *rev'd for other reasons,* 53 F.3d 568 (3d Cir. 1995). But an appeal must be filed within 30 days of the entry of the judgment. *See* Fed. R. App. P. 4(a); 28 U.S.C. § 2107(a); *Berke v. Bloch*, 242 F.3d 131, 135-136 (3d Cir. 2001). In this case, the District Court issued the order to seal the pleadings on November 6, 2002, but Schumacher did not file an appeal until March 24, 2003. Because she exceeded the 30-day filing

3

requirement, we cannot exercise jurisdiction over her appeal of the order dated November

6, 2002. *See Berke,* 242 F.3d at 136 ("An untimely appeal does not vest an appellate

court with jurisdiction"); *Marcangelo v. Boardwalk Regency*, 47 F.3d 88, 91 (3d Cir.

1995) ("The time limits provided by Fed. R. App. P. 4(a)(6) and 28 U.S.C. § 2107 are

'mandatory and jurisdictional,' and the courts are required to dismiss untimely appeals

sua sponte.").

## B.    Order dated February 25, 2003

Motions to dismiss without prejudice are generally not final and appealable so long

as the plaintiff is permitted to refile the complaint upon remedy of the deficiency. *Ahmed*

*v. Dragovich*, 297 F.3d 201, 207 (3d Cir. 2002); *Redmond v. Gill*, 352 F.3d 801, 803 (3d

Cir. 2003). In its order dated February 25, 2003, the District Court granted the School

District's motion to dismiss without prejudice and with permission to refile all claims

with the leave of the court by May 22, 2003. Accordingly, the order was not appealable,

as Schumacher could have refiled her complaint in the permitted time period and obtained

leave of court as required by the order. Instead, Schumacher directly appealed the order

to this Court. The District Court's order was not final, and we do not have appellate

jurisdiction.[1]

---

[1]Even if we had appellate jurisdiction, Schumacher has not provided us an adequate record to support her claim that her complaints were inappropriately dismissed. *Salazar v. Atlantic Sun*, 881 F.2d 73, 79 (3d Cir. 1989). She has not provided a transcript of the November 22, 2002 hearing at which the District Court dismissed her complaint, so the District Court's reasoning would be unavailable for review.

4

**III.**

For the foregoing reasons, we will dismiss for lack of appellate jurisdiction.