

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-30-2005

# Bernback v. Greco

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2494

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Bernback v. Greco" (2005). *2005 Decisions*. Paper 1409.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1409

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 04-2494

_____

MICHAEL L. BERNBACK,

Appellant

v.

THOMAS GRECO, individually and as President of Harvey's Lake
Amphitheater, Inc.

(Amended per order dated 6/16/04)


On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civ. No. 98-00230)
Honorable A. Richard Caputo, District Judge

_____

Submitted under Third Circuit LAR 34.1(a)
March 7, 2005

BEFORE: SCIRICA, Chief Judge, and ROTH and GREENBERG, Circuit Judges

(Filed: March 30, 2005)

_____

OPINION OF THE COURT

_____

GREENBERG, Circuit Judge.

This matter comes on before this court on an appeal from an order entered April

29, 2004, in accordance with a memorandum opinion of the district court of that day. Inasmuch as we are writing only for the parties who, of course, are familiar with this case, we need not set forth its facts or procedural history. The issue in this case is quite simple and is stated fairly by Michael L. Bernback, the appellant: whether interest on an award of attorneys fees and expenses accrues from the date of the original judgment on a jury verdict entitling a party to attorneys fee and expenses, in this case November 6, 2000, or, as the appellee Thomas Greco argues, from the time when a judgment was entered on the award of attorneys fees and expenses after they were quantified, in this case, July 29, 2002. The district court selected the later date and Bernback has appealed.

The district court exercised diversity of citizenship jurisdiction under 28 U.S.C. § 1332 and we exercise jurisdiction under 28 U.S.C. § 1291. We exercise plenary review as the question is purely of law. Tudor Dev. Group, Inc. v. United States Fid. & Guar. Co., 968 F.2d 357, 359 (3d Cir. 1992).

We will affirm as our result is controlled by our opinion in Eaves v. County of Cape May, 239 F.3d 527, 542 (3d Cir. 2001). Bernback's brief, which argues for interest from the earlier date and cites precedent from other courts of appeal in support of this contention, necessarily is of no avail as it is dependent on his assertion that we "wrongly followed the so-called minority view," appellant's br. at 17, in reaching our result in Eaves. Of course, we as a panel must reject Bernback's contention as Eaves binds us. Third Circuit IOP 9.1.

The order of April 29, 2004, will be affirmed.