

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-16-2007

# Bernback v. Greco

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4642

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Bernback v. Greco" (2007). *2007 Decisions*. Paper 1770.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1770

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Nos.  05-4642 & 05-4643

MICHAEL L. BERNBACK

Appellant (No. 05-4643)

v.

THOMAS GRECO, individually and as
President of Harvey's Lake
Amphitheater, Inc.

Appellant  (No. 05-4642)

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 98-cv-00230)
District Judge: Honorable A. Richard Caputo

Submitted Under Third Circuit LAR 34.1(a)
November 28, 2006

Before: RENDELL and AMBRO, <u>Circuit Judges</u>
PRATTER,<sup>*</sup> <u>District Judge</u>

(filed: January 16, 2007)

---

<sup>*</sup>Honorable Gene E.K. Pratter, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

OPINION

AMBRO, Circuit Judge

## I. Facts and Procedural History

This is a dispute over attorneys' fees due following a jury verdict, two (now four) unsuccessful appeals, and two unsuccessful petitions for *certiorari*.

Plaintiff Michael Bernback and Defendant Thomas Greco were once partners in a concert promotion business. Their relationship deteriorated over time, and they ended up in a now ten-year saga of litigation in state and federal courts. In the case before us, Bernback sued, alleging fraud, intentional interference with contractual relations, intentional interference with business advantage, and breach of contract. After a two-week trial the jury returned a verdict for Bernback on the breach of contract claim for $225,000.

Pursuant to a fee-shifting clause in the breached contract, the District Judge awarded Bernback attorneys' fees in the amount of $90,000 and expenses in the amount of $69,470.87. The Judge noted that $90,000 was significantly less than the $287,000 calculated by multiplying hours spent by hourly rate (the so-called lodestar), but because the contract specified that the prevailing party should receive actual attorneys' fees, the Judge determined that the fees awarded should be limited to those actually due under the fee agreement between Bernback and his counsel. That agreement provided for a 40%

contingent fee, so the Judge awarded Bernback 40% of $225,000 in fees ($90,000) plus actual expenses. Greco appealed the verdict and the fee award, and we affirmed on all grounds. *Bernback v. Greco (Bernback I)*, 69 Fed. Appx. 98 (3d Cir. 2003) (not precedential), *cert. denied* 540 U.S. 1185 (2004).

Following the denial of *certiorari*, Bernback moved the District Court for post-judgment interest and a supplemental fee award because of the expenses incurred responding to the appeal, petition for rehearing *en banc*, and petition for *certiorari*. The District Court awarded post-judgment interest and determined that it would calculate interest on the fee award from the date at which those fees were quantified. The Court further ordered Bernback to submit evidence of additional fees and expenses. This time he appealed, arguing that interest on fees should accrue from the date of the jury verdict. Noting that the case was controlled by our decision in *Eaves v. County of Cape May*, 239 F.3d 527, 542 (3d Cir. 2001), we affirmed. *Bernback v. Greco (Bernback II)*, 127 Fed. Appx. 45 (3d Cir. 2005) (not precedential), *cert. denied* ___ U.S. ___, 126 S.Ct. 420 (2005).

In February 2004, Greco paid Bernback $444,593.48 in an attempt to satisfy the verdict and all awards of attorneys' fees and expenses. Bernback contested Greco's calculations, but the District Judge agreed with Greco and declared in June 2004 that the verdict, along with the fees and expenses award, were satisfied. That order was not appealed.

3

In September 2005, following our affirmance in *Bernback II* and the unsuccessful petition for *certiorari*, the District Judge quantified Bernback's supplemental fee request, ordering Greco to pay an additional $18,654.64 in attorneys' fees. This amount is nearly 40% of the post-judgment interest on the verdict that accrued before Greco satisfied the judgment in February 2004. In calculating this amount, the Court subtracted the amount of interest that Greco had already paid on the attorneys' fees award from the interest on the verdict.[1]

Both parties appealed.[2] At issue is whether Bernback's motion for supplemental fees was timely and, if so, whether the amount awarded was reasonable.

## II.   Standard of Review

We exercise plenary review over interpretations of the Federal Rules of Civil Procedure. *Singletary v. Pa. Dep't of Corr.*, 266 F.3d 186, 193 (3d Cir. 2001). We review extensions of filing deadlines and awards of attorneys' fees for abuse of discretion. *Weis-Buy Servs., Inc. v. Paglia*, 411 F.3d 415, 419 (3d Cir. 2005) (attorneys' fees); *Planned Parenthood of Cent. N.J. v. Att'y Gen. of N.J.*, 297 F.3d 253, 259 (3d Cir. 2002) (time extensions).

## III.   Discussion

### A.   Was Bernback's motion for additional fees untimely?

---

[1] Specifically, the Court's formula was 40% of (interest on the verdict – interest on the attorneys' fees) = $18,654.64.

[2] The District Court's jurisdiction is based on diversity of citizenship. 28 U.S.C. § 1332. We have jurisdiction under 28 U.S.C. § 1291.

Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure governs motions for attorneys' fees. It states:

> Unless otherwise provided by statute or order of the court, the motion must be filed no later than 14 days after entry of judgment; must specify the judgment and the statute, rule, or other grounds entitling the moving party to the award; and must state the amount or provide a fair estimate of the amount sought. If directed by the court, the motion shall also disclose the terms of any agreement with respect to fees to be paid for the services for which claim is made.

Greco argues that because Bernback filed his motion for additional fees far more than 14 days after the initial entry of judgment on the jury verdict, his motion is untimely. This argument fails because the relevant event for purposes of a motion for supplemental fees is the entry of the judgment that required the prevailing party to incur the additional fees. "Judgment" in Rule 54 is defined as "a decree and any order from which an appeal lies." Fed. R. Civ. P. 54(a). Thus, when a party is entitled to additional fees for successfully opposing post-judgment motions, the fee application should be filed within 14 days of entry of denial of those motions, not within 14 days of the initial entry of jugment. *Weyant v. Okst*, 198 F.3d 311, 315-16 (2d Cir. 1999). Following this logic, when a party is entitled to additional fees for successfully opposing an appeal, the relevant date is the date on which the appellate court enters judgment affirming the district court.

The relevant events for purposes of Bernback's application for additional fees

5

were the entry of our Court's affirmance in *Bernback I*, our denial of the petition for rehearing, and the entry of the Supreme Court's denial of the petition for *certiorari*. Those dates were July 11, 2003, August 13, 2003, and February 26, 2004, respectively. Bernback filed his application for additional fees on March 5, 2004, within 14 days of the Supreme Court's denial of *certiorari* but not within 14 days of the other two events. Responding to an appeal does not relieve the prevailing party at trial of the obligation of applying for attorneys' fees in a timely manner because the rules stipulate that the motion should be filed within 14 days of the district court entering "any order from which an appeal lies." Fed. R. Civ. P. 54(a); *see also United Indus., Inc. v. Simon-Hartley, Ltd.*, 91 F.3d 762, 765-66 (5th Cir. 1996). Similarly, evaluating a petition for *certiorari* does not relieve a party successfully opposing an appeal from applying for additional fees in a timely manner, for an affirmance from a court of appeals is also a final order, subject only to the discretionary grant of a writ of *certiorari*. Thus, Bernback's motion was only timely as to the fees and expenses incurred as a result of the *certiorari* process.

We do not end here, as the timeliness issue is complicated by the fact that the District Judge granted Bernback leave to file his supplemental fee application out of time, which, under Rule 54(d)(2)(B), the Court may do. The Court's discretion, however, is not unfettered. To extend filing times after they elapse, a district judge must find "excusable neglect." Fed. R. Civ. P. 6(b); *see also Allen v. Murph*, 194 F.3d 722, 723-24 (6th Cir. 1999). The Supreme Court has held that the following four non-exclusive factors are

6

relevant in determining whether a party's neglect is excusable: (1) the danger of prejudice, (2) the length and effect of the delay, (3) the reason for the delay, and (4) whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). While it is true that the *Pioneer* holding related to excusable neglect in a different context, the Court stated that the bankruptcy rule that it was interpreting was patterned after Federal Rule of Civil Procedure 6(b), *id.* at 391, and so the *Pioneer* factors apply here.

In this case, the District Court did not address the standard for excusable neglect directly, but it did give two reasons for granting leave: (1) no one was prejudiced, and (2) Bernback could not predict at the time of the verdict how much future involvement the case would require. While a more detailed discussion might have been more helpful, given the facts of this case and our deferential standard of review, these reasons are adequate here. Essentially, the Court commented on the prejudice factor and the reason for delay, finding that both favored its granting leave. Greco did not allege bad faith, and so that factor was irrelevant. Had the Court explicitly considered the length of the delay and its effect on the litigation, it almost certainly would have concluded the same. Bernback only delayed until the Supreme Court denied *certiorari*, and so the parties were still actively litigating the matter when Bernback moved for additional fees. Thus, the length of the delay was moderate and the effect on the litigation minimal. Given that no *Pioneer* factor argues against granting leave to file the motion out of time, the Court was

7

well within its discretion in so doing.

**B.** **Was the award of $18,654.64 in additional fees reasonable?**

Greco argues that even if the District Court properly considered Bernback's motion, its award was unreasonable. As an initial matter, we read the District Court's Order as awarding additional fees because Greco's appeal forced Bernback's attorneys to continue working on the case, not because post-judgment interest accrued on the initial judgment. The Court did, however, limit those additional fees to 40% of post-judgment interest on the initial verdict in keeping with its previous order (which we affirmed). Moreover, Bernback received no more than the Court believed was actually due under Bernback's and his attorneys' fee agreement.

In determining the supplemental fee award, the District Court began with the lodestar analysis that we have recommended. *See Gulfstream III Assocs., Inc. v. Gulfstream Aerospace Corp.*, 995 F.2d 414, 423 (3d Cir. 1993). The Court found a lodestar of $27,200.00 in additional fees, and neither party challenges that result. The Court then reiterated that it would award no more than it thought Bernback actually had to pay under his fee agreement. Because post-judgment interest had accrued on the verdict, the Court determined that Bernback's attorneys were properly due 40% of that amount under the agreement. Thus, the Court limited additional fees accordingly.

The Court did not award the whole 40% of post-judgment interest, however, deciding to subtract from it an amount comprising 40% of the post-judgment interest that

8

Bernback had already received on the initial attorneys' fee award.  Bernback argues that this illegally deprived him of mandatory post-judgment interest on the fee award.  This argument is unavailing.  Bernback received the post-judgment interest he was then due in February 2004.  Nothing in the order before us purports to change that; rather, the Judge merely took account of how much money Bernback had already received in fees in setting an additional fee.[3]

"Where a district court has awarded attorneys' fees under a valid contractual authorization, we recognize that it has broad discretion in doing so, 'and an award of such fees may be set aside only for abuse of discretion.'" *U.S. Fid. & Guar. Co. v. Braspetro Oil Servs. Co.*, 369 F.3d 34, 74 (2d Cir. 2004) (quoting *McGuire v. Russell Miller, Inc.*, 1 F.3d 1306, 1313 (2d Cir. 1993)).  The District Court awarded a fee within a reasonable range given a lodestar of $27,200.  *See Lindy Bros. Bldg., Inc. of Philadelphia v. Am. Radiator & Standard Sanitary Corp.*, 540 F.2d 102, 115 (3d Cir. 1976) ("[D]iscretion is abused only where no reasonable man would take the view adopted by the trial court.").  Because the District Court awarded a reasonable additional fee, we affirm the amount and reject both parties' appeals.

---

[3] The District Court's calculation is a bit confusing because it subtracted the interest on its initial fee award of $90,000 from the interest on the verdict of $225,000 and then awarded 40% of that amount.  If its goal was to avoid double counting the interest on the initial fee award, then it should have subtracted the interest on the initial fee award from 40% of the interest on the verdict.  Had the District Court done so—and it would have been reasonable to do—Bernback would have received an even smaller supplemental award.  Thus, Bernback truly has nothing about which to complain.

## C. The Post-Judgment Interest Rate on Bernback's Attorneys' Fees

Bernback argues that the District Court improperly applied a post-judgment interest rate of 1.97% to its initial award of attorneys' fees. This issue is not properly before us. Bernback appealed the District Court's September 2005 Order, which says nothing about the rate for calculating interest on attorneys' fees. In fact, it appears from the docket that the District Court decided this issue in a June 2005 Order marking the attorneys' fees award satisfied after Greco had paid interest at the rate that Bernback now opposes. This was a final order, as it effectively ended litigation on the amount of interest due on the judgments marked satisfied. *See Berke v. Bloch*, 242 F.3d 131, 134 (3d Cir. 2001). Had Bernback taken issue with the interest rate, he should have requested Rule 59 or 60 relief or appealed the order marking the judgment satisfied. Fed. R. Civ. P. 59 & 60; Fed. R. App. P. 3. He did none of these things and thus now cannot attack that order collaterally in this proceeding.

## IV. Conclusion

The propriety of the post-judgment interest rate on Bernback's attorneys' fees is not properly before us; therefore, Bernback's appeal on that issue is dismissed. The District Court did not abuse its discretion in considering and ruling on Bernback's motion for supplemental fees. Thus, we affirm the Court's Order as to those issues.

We note that because Bernback successfully opposed Greco's appeal, he will probably want additional fees for so doing. We, however, believe that unfair given that

10

Bernback also unsuccessfully appealed the order before us. Therefore, each party must bear its own costs for these appeals, and no supplemental fees will be awarded. We cannot help but observe that these are the parties' third and fourth unsuccessful appeals to our Court over a breach of contract claim worth $225,000. While we will continue to decide appeals in this case as long as the parties bring them,[4] we note that the amount in controversy is dwindling with each iteration. Attorneys' fees, on the other hand, continue to accrue on both sides. For their own sakes, "[t]he parties are advised to chill." *Mattel, Inc. v. MCA Records, Inc.*, 296 F.3d 896, 908 (9th Cir. 2002) (Kozinski, J.).

---

[4] We remind the parties, however, that awards of attorneys' fees are highly discretionary, and appeals should only be taken when the aggrieved party has a plausible argument for abuse. *See* Fed. R. App. P. 38.