

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-3-2008

# Avila v. Dominquez

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1549

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Avila v. Dominquez" (2008). *2008 Decisions*. Paper 413.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/413

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 08-1549

ABDIEL F. AVILA,
Appellant

v.

KEVIN R. DOMINQUEZ; MIGUEL E. AMADOR;
ASSURED LENDING CORPORATION;
CAMDEN POLICE DEPARTMENT; DET. A.D. BENSON #170;
DET. JULIO RIOS #1052; DET. IBBARANDO; DET. ARMSTRONG;
OFFICER MCGLOVE #1007; SGT. #627;
CAMDEN COUNTY PROSECUTOR; DEPARTMENT OF CORRECTIONS;
STATE OF NEW JERSEY; DEPARTMENT OF YOUTH AND FAMILY SERVICES;
VILMA RAMOS; ARIAS GARCIA, JR.; COOPER HOSPITAL;
SUSAN CORCINO, RN FN-CSA; NEW JERSEY CARES INSTITUTE;
MARITA LIND, MD.; KATHLEEN JAZIWIZ; CARLOS M. HERNANDEZ

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 07-cv-00976)
District Judge: Honorable Jerome B. Simandle

Submitted for Possible Dismissal Due to a Jurisdictional Defect;
Pursuant to 28 U.S.C. § 1915(e)(2)(B); or
for Summary Action Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
April 24, 2008

Before: MCKEE, RENDELL and SMITH, Circuit Judges

(Filed: October 3, 2008)

PER CURIAM

Avila, a prisoner proceeding pro se, initiated a civil action in New Jersey District Court in March 2007. His Complaint asserted jurisdiction pursuant to 42 U.S.C. § 1983 but provided no facts in support and no request for relief. Shortly after Avila filed his Complaint, the District Court informed Avila of the defects it suffered. Docket No. 3, May 16, 2007 order, at 2. The District Court informed him that the Complaint was dismissed without prejudice and permitted 45 days in which to file an amended complaint in conformance with Federal Rule of Civil Procedure 8. Id. at 6.

By August 28, 2007, although he had filed motions, petitions, and other documents – all essentially seeking appointment of counsel in his state criminal proceedings – Avila had not filed an amended complaint. Therefore, the District Court entered an order on that date, administratively terminating Avila's case for lack of prosecution. The District Court again granted Avila leave to file an amended complaint, this time warning that it would "not grant any further extensions to Plaintiff if Plaintiff fails to submit an amended complaint within 30 days of the date of the entry of this Order." Docket No. 12, Aug. 28, 2007 order, at 4. It also emphasized that leave to file an amended complaint "DOES NOT imply an invitation to file any other . . . applications or petitions for appointment of

counsel in Plaintiff's currently ongoing state criminal proceedings."[1]  Id.  Avila did not

file an amended complaint.  Instead, he filed a notice of appeal nearly six months later, in

February 2008.[2]

## I.

We first assess the timeliness of Avila's appeal.  To do so, we must consider

whether the District Court's August 28, 2007 order terminating his case satisfies the

separate judgment rule, see Fed. R. Civ. P. 58, as this significantly impacts the amount of

time during which Avila was entitled to file a notice of appeal.

In general, every judgment "must be set out in a separate document."  Fed. R. Civ.

P. 58(a)(1), 54(a).  An order qualifies as a "separate document" when it meets three

criteria: (1) it is self-contained and separate from any memorandum or opinion; (2) it

notes the relief granted; and (3) it omits the District Court's reasons for disposing of the

parties' claims.  In re Cendant Corp. Sec. Litig., 454 F.3d 235, 241 (3d Cir. 2006).  The

District Court's order easily meets the first two criteria because the entire document is

---

[1] The District Court informed Avila on July 27, 2007 that it was powerless to appoint him counsel in his state criminal proceedings and directed the clerk not to file additional such requests by Avila.  Docket No. 10, July 27, 2007 order at 6.  However, the District Court expressly noted that this did not prevent Avila from seeking appointment of counsel in the action pending before it.  Id. at n.3.

[2] Between entry of the District Court's August 28 order and the filing of the notice of appeal, Avila submitted a document entitled "Annunciation."  This document does not purport to be an amended complaint and was not filed within 30 days of the District Court's August 28, 2007 order.

presented as an order[3] and it clearly states the relief granted. However, the third criteria

poses a problem, as the order contains three pages describing the case history. Where an

order includes an "extended presentation of facts and procedural history," it cannot satisfy

Rule 58. Id. at 244. Thus, the District Court should have entered a separate judgment.

In general, an appellant in a civil case in which the United States is not a party

must file a notice of appeal within 30 days of entry of the appealable order. Fed. R. App.

P. (4)(a)(1)(A). However, where, as here, a separate judgment is required but not entered,

that 30-day period begins to run after "150 days have run from the entry of the judgment

or order in the civil docket. . . ." Fed. R. App. P. 4(a)(7)(A)(ii); see In re Cendant Corp.,

454 F.3d at 240-41. Calculating from August 28, 2007,[4] the 150-day period expired and

the judgment became final on January 25, 2008. See Fed. R. Civ. P. 58(a). Avila then

---

[3] There is no requirement that the District Court must enter a memorandum or opinion. Id. at 241-42.

[4] August 28, 2007 may not be the appropriate reference point. Although termed an "administrative termination," the order amounted to a sua sponte dismissal without prejudice. See Aug. 28, 2007 order at 4. As a general rule, an order dismissing a complaint without prejudice is not immediately final and appealable under 28 U.S.C. § 1291. Morton Int'l, Inc. v. A.E. Staley Mfg. Co., 460 F.3d 470, 477 (3d Cir. 2006). However, such an order becomes final if a plaintiff makes no effort to re-open the case and instead elects to stand on the pleadings. Berke v. Bloch, 242 F.3d 131, 135 (3d Cir. 2001). In such a case, the order "ripens," becoming final, upon expiration of the time for cure allotted by the court. Id. Here, the District Court allowed 30 days to cure the deficiencies of the Complaint, but Avila chose not to do so. Therefore, the District Court's August 28, 2007 order did not "ripen" until 30 days later, on September 27, 2007. However, we need not decide whether September 27, 2007 is the more appropriate date from which the 150-day period under Rule 58 should run, because Avila's notice of appeal is timely regardless of which date applies.

4

had 30 days – until February 25, 2008[5] – to file a notice of appeal.  See Fed. R. App. P. 4(a)(7)(A)(ii).  Because Avila filed his notice of appeal on February 21, 2008, it is timely.

II.

Having determined that the appeal is timely, we look to its substance.  Because Avila has been granted leave to appeal in forma pauperis, he may not proceed under 28 U.S.C. § 1915(e)(2)(B) if his appeal lacks arguable basis in law or fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989).

The District Court concluded that Avila's Complaint failed to comply with Rule 8.  It then permitted a generous opportunity to cure the defect, provided notice of the consequences of a failure to cure, and dismissed the case only when it became clear that Avila did not intend to take corrective action.  Because Avila chose not to amend his complaint in compliance with the Federal Rules of Civil Procedure, the District Court did not abuse its discretion by ordering dismissal.  See, e.g., In re Westinghouse Sec. Litig., 90 F.3d 696, 704 (3d Cir. 1996).

With regard to the District Court's denial of Avila's several motions for appointment of counsel, we perceive no error in the District Court's conclusion that it was not the proper entity to appoint counsel in Avila's state criminal proceedings.  Moreover, to the extent that Avila's motions could be interpreted as requests to the District Court to appoint counsel in the matter before it, we review for abuse of discretion.  Tabron v.

---

[5] The 30th day would have fallen on Sunday, February 24, 2008, so Avila would have had until Monday to file an amended complaint.  See Fed. R. App. P. 26(a)(3).

<u>Grace</u>, 6 F.3d 147, 153 (3d Cir. 1993).  By failing to submit any pleading satisfying Rule 8, the District Court had no ability to assess the merits of Avila's claims, so Avila failed to establish the threshold <u>Tabron</u> consideration:  that his case likely had merit.  <u>Id</u>. at 155.  No remaining <u>Tabron</u> consideration mandated a different result, <u>id</u>. at 156, and the District Court did not abuse its discretion.

Thus, because Avila's appeal lacks arguable merit in fact or law, we will dismiss the appeal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

III.

During this appeal, Avila submitted three motions and notices,[6] which, although somewhat confusing, we interpret as three requests for appointment of counsel.  In addition, Avila also submitted a "Notice of Subpoena Dueces Tecum Requesting Issuance of a Court Order," which apparently seeks discovery concerning his incarceration, a "Notice of Motion of Information for When Hearing Will Be Set," which we construe as a motion to expedite his appeal, and a "Motion to Request Transcript and Copy of Appendixes Sent."  We deny these motions.

---

[6] Specifically, Avila submitted: (1) "Notice of Motion Requesting to Enter volunteer Attorney to Assist in Pro Se Litigation"; (2) "Motion to Appoint Counsel"; and (3) "Motion to Request ACLU As Amicus Curiae or Co-Counsel."  With regard to the Amicus Curiae motion, we note that in the District Court action, Avila similarly appeared to confuse the concept of amicus curiae with a request for the appointment of counsel, and the District Court clarified the meaning of the term as well as the court's inability to appoint amicus curiae on Avila's behalf.  <u>See</u> Docket No. 10, July 27, 2007 order.