**AMENDED GLD-253**                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2776
_____

CHANDAN S. VORA, Appellant

v.

ALL CONSPIRATORS; CITY COPS; CCC JUDGES;
CAMBRIA COUNTY; JAMES WHITE; TONY KOVALIC;
CRAIG FOUST; KRISTEN DENNE;
RONALD REPAK, City Attorney; DON MICHAELS

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 3-11-cv-00253)
District Judge:  Honorable Gustave Diamond

_____

Submitted for Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 9, 2012

Before: FUENTES, GREENAWAY, JR. and BARRY, <u>Circuit Judges</u>

(Opinion filed: August 27, 2012)

_____

OPINION
_____


PER CURIAM

Chandan S. Vora, proceeding pro se and in forma pauperis, appeals from the District Court's orders dismissing her complaint and denying her motions for reconsideration. For the reasons that follow, we will summarily affirm.

I.

In October 2011, Vora received a legal notice from the City of Johnstown that her home would be demolished because it was, among other things, unsafe for human habitation and incapable of being repaired. (Dkt. No. 13, p. 49.) She then filed a motion to proceed in forma pauperis and a rambling twenty-eight page complaint (with over 250 pages of attachments) against several Defendants she considered "conspirators" in an illegal plot to destroy her home and violate her civil rights. By order entered December 22, 2011, the District Court granted Vora's request to proceed in forma pauperis, but dismissed her complaint for lack of jurisdiction and for failing to state a claim upon which relief could be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[1] (Dkt. No. 12.)

Approximately two months later, Vora filed a motion to consolidate numerous cases. The District Court construed it as a motion to reconsider its order dismissing her complaint and denied it on April 9, 2012. Vora then filed a motion to vacate on April 19, 2012, followed by a motion for stay and a motion for extension of time. Again, the District Court considered all of these motions as requesting reconsideration of its dismissal order, and denied them on May 7, 2012. Vora filed a notice of appeal on June 6, 2012.

---

[1] By the time the District Court issued its order, Vora had filed several motions for injunctive relief, all of which were denied as moot.

2

II.

Vora appeals from the District Court's orders denying her motions for reconsideration and its order dismissing her complaint. As discussed below, we have jurisdiction to review the former, but not the latter.

Vora filed several motions seeking reconsideration of the District Court's order dismissing her complaint. A Rule 59(e) motion to alter or amend the judgment must be filed within twenty-eight days after the entry of judgment. Fed. R. Civ. P. 59(e). Vora's motions were not timely as they were filed more than twenty-eight days after the District Court dismissed her complaint. However, her appeal of the District Court's order denying them was timely. We have jurisdiction under 28 U.S.C. § 1291 to review "a timely appealed order disposing of an untimely motion for reconsideration." Long v. Atl. City Police Dep't, 670 F.3d 436, 446 n.19 (3d Cir. 2012).

We review the denial of a Rule 59(e) motion for abuse of discretion. Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010). A motion for reconsideration is a limited vehicle used "to correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citation omitted). A judgment may be altered or amended if the party seeking reconsideration shows one of three grounds: (1) an intervening change in the law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or prevent manifest injustice. Id. Vora did not identify any of these factors in her motions,

wherein she merely rehashed arguments that were presented in her previous filings. The District Court did not abuse its discretion in denying her motions for reconsideration.

As for Vora's appeal of the District Court's December 22, 2011 order dismissing her complaint, she had until January 21, 2012, to file a notice of appeal. See Fed. R. App. P. 4(a)(1)(A) (notice of appeal in civil case must be filed within thirty days). She did not timely file any motion to toll the appeals period. See Fed. R. App. P. 4(a)(4)-(6); Fed. R. Civ. P. 59(e) and 60(b); see also Poole v. Fam. Ct. of New Castle Cnty., 368 F.3d 263, 269 (3d Cir. 2004) (relief under Rules 4(a)(5) and (6) requires filing the appropriate motion). The June 6, 2012 notice of appeal was untimely. Therefore, we do not have jurisdiction over her appeal of the dismissal order. Berke v. Bloch, 242 F.3d 131, 136 (3d Cir. 2001).

### III.

We will summarily affirm the District Court's May 7, 2012 order because no substantial question is presented on appeal. 3d Cir. LAR 27.4 and I.O.P. 10.6. Vora's motion for an injunction is denied as moot.