DLD-118                                                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-3055
_____

CRYSTAL BITON; DANIELLE BITON,
Appellants

v.

UNITED STATES OF AMERICA; UNITED STATES DEPARTMENT OF JUSTICE;
INTERNAL REVENUE SERVICE; UNITED AIRLINES; UNITED CONTINENTAL
AIRLINES; HSBC; MORGAN MELHUISH & ABRUTYN; EASTBANK; NEW YORK
& NEW JERSEY PORT AUTHORITY; KEVIN MCKIRGAN; KATHLEEN CARLA
ALEXANDER; ELIZABETH HARRIS; BANK OF AMERICA; CHASE JPMORGAN;
NEW YORK CITY POLICE DEPARTMENT; NORTH MIAMI POLICE; BURGER
KING; MCDONALDS CORP.; CHICAGO INSURANCE CO.
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2:24-cv-11458)
District Judge:  Honorable Claire C. Cecchi
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 23, 2026
Before:  RESTREPO, PORTER, and MONTGOMERY-REEVES, *Circuit Judges*

(Opinion filed: May 5, 2026)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Crystal and Danielle Biton, proceeding pro se and in forma pauperis, appeal from the District Court's order dismissing their complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Because this appeal does not present a substantial question, we will summarily affirm.

In December 2024, the Appellants filed a complaint in the District Court against various governmental and private entities and individuals, including, inter alia, the Department of Justice, the Internal Revenue Service, United Airlines, Bank of America, The New York Police Department, and McDonald's. They invoked federal-question jurisdiction, citing the Bill of Rights, the Sarbanes Oxley Act, and "disability human rights" and purported to assert claims for identity theft; due process violations; denial of medical care; theft of property; stalking; "illegal[] attack by two Police lawyers," causing "serious physical injuries"; exposure to "harmful chemicals;" and deprivation of "healthcare, employment, Bill of Rights, FDIC, SOX, [and] Americans Disability Rights." Compl. 2–4; ECF No. 1.

The District Court, having granted Appellants permission to proceed in forma pauperis, screened the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and concluded that they had not stated a plausible claim for relief. Therefore, the District Court dismissed it. Appellants appealed.

We have jurisdiction under 28 U.S.C. § 1291.[1] We review de novo an order dismissing a complaint under 28 U.S.C. § 1915(e)(2)(B)(ii). *See Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000). In order to survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). We may summarily affirm if an appeal fails to present a substantial question. *See* 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

The District Court properly dismissed the complaint for failure to state a claim under § 1915(e)(2)(B)(ii). While pro se pleadings should be liberally construed and held to less stringent standards than those prepared by attorneys, *see Estelle v. Gamble*, 429 U.S. 97, 106 (1976), pro se litigants "still must allege sufficient facts in their complaints to support a claim," *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). Even liberally construed, Appellants' complaint does not contain enough facts to show that their claims are plausible. For example, as the District Court explained, although they seek the return of their property, they do not mention what property was seized, when it was seized, or by whom. Similarly, although they assert that they were victims of identity theft, they do not state how they were victimized or identify which defendants

---

[1] By filing a notice of appeal rather than amending within the sixty-day period the District Court provided, Appellants stood on their complaint. We therefore have appellate jurisdiction. *See Berke v. Bloch*, 242 F.3d 131, 135–36 (3d Cir. 2001); *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 n.5 (3d Cir. 1992); *Borelli v. City of Reading*, 532 F.2d 950, 952 (3d Cir. 1976) (per curiam).

are responsible. Because the complaint did not contain sufficient factual matter to state any plausible claims, the District Court properly dismissed it under § 1915(e)(2)(B)(ii).

Accordingly, we will summarily affirm. All pending motions are denied.